NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0188n.06
Filed: March 10, 2009

No. 08-3348

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RFF FAMILY PARTNERSHIP, LP, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| STEVEN WASSERMAN, et al., | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendants-Appellants. | ) | |

Before: RYAN, GIBBONS and SUTTON, Circuit Judges.

PER CURIAM. Steven Wasserman and his law firm, Chernett, Wasserman, Warger & Pasternak, LLC, challenge a district court order remanding this case to state court. In particular, they argue that the district court erred when it raised the forum-defendant exception to the removal statute on its own initiative, *see* 28 U.S.C. § 1441(b), and used that ground as a basis for remanding the case to state court. We agree and reverse.

While this appeal was pending, RFF Family Partnership, the plaintiff-appellee in this case, filed a motion to dismiss the appeal for lack of jurisdiction. In reviewing that motion, a panel of this court dismissed part of the appeal and allowed one part of the appeal to remain, namely Wasserman's and his law firm's challenge to the district court's *sua sponte* decision to raise the forum-defendant exception to the removal statute. In determining that we had jurisdiction over this

No. 08-3348
*RFF Family P'ship v. Wasserman*

aspect of the appeal, the panel noted that "[s]ection 1447(d) [of Title 28] does not bar an appeal of an order remanding an action on the basis of a procedural defect that was not timely raised in a motion for remand." *RFF Family P'Ship, LP v. Wasserman*, No. 08-3348, order at 3 (6th Cir. June 19, 2008) (citing *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 937–39 (9th Cir. 2006), and *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 313–14 (2d Cir. 2005)).

The panel then discussed, and resolved, the remaining merits issue presented by this appeal: Did the district court have authority to raise this exception to the removal statute on its own? In saying that it did not, the panel reasoned as follows:

> The defendants, both citizens of Ohio, removed the action to district court on the basis of diversity of citizenship under 28 U.S.C. § 1332(a)(1) . . . . The plaintiff filed a timely motion to remand, but did not challenge the defendants' removal on the ground that as citizens of Ohio the defendants were barred from removing an action from an Ohio court. *See* 28 U.S.C. § 1441(b). . . . [T]he district court *sua sponte* concluded that the forum defendant provision of the removal statute precluded the defendants from removing the action on the basis of diversity jurisdiction. . . .
>
> . . .
>
> The forum defendant provision is a procedural removal requirement that is waived if it is not raised by a timely motion to remand. *Plastic Moldings Corp. v. Park Sherman Co.*, 606 F.2d 117, 119 n.1 (6th Cir. 1979); *Handley-Mack Co. v. Godchaux Sugar Co.*, 2 F.2d 435, 436–37 (6th Cir. 1924); *see also Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939–42 (9th Cir. 2006), *cert. denied*, 127 S. Ct. 1265 (2007); *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 313 (2d Cir. 2005); *Hurley v. Motor Coach Indus. Inc.*, 222 F.3d 377, 380 (7th Cir. 2000), *cert. denied*, 531 U.S. 1148 (2001). A procedural defect in removal may not be raised by the district court *sua sponte. Page v. City of Southfield*, 45 F.3d 128, 132–33 (6th Cir. 1995); *see also Loftis v. United Parcel Serv.*, 342 F.3d 509, 516–17 (6th Cir. 2003).

*RFF Family P'Ship,* No. 08-3348, order at 1–3.

No. 08-3348
*RFF Family P'ship v. Wasserman*

There is not much more to say. A prior panel of this court concluded that we have jurisdiction over this one removal issue. And in reaching that conclusion, it determined that the district court committed reversible error in resuscitating a waived ground for remanding the case to state court. Consistent with the decision of an earlier panel in this case, and in the absence of any specific challenge to that decision, we therefore reverse and remand the case for further proceedings.