RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0110p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

WEE CARE CHILD CENTER, INC. and TONYA
L. BROWN,

                      *Plaintiffs-Appellants,*

          *v.*

DOUGLAS E. LUMPKIN, IAN MCDOUGALL,
DAN LANTZ, DEBBIE HATFIELD, DIANNE
BRIDGES, CAROL A. ANKROM, KRISTIN S.
SMITH, PEGGY BLEVINS, LEMUEL HARRISON,
JR., MICHELLE M. VENT, HELEN E. JONES-
KELLEY, BARBARA RILEY, JOHN DOE I, JOHN
DOE II, MATTHEW MURRAY, and MICHELLE
ALBAST,

                      *Defendants-Appellees.*

                      No. 10-4160

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 2:09-cv-01059—Edmund A. Sargus, Jr., District Judge.

Argued: April 12, 2012

Decided and Filed: April 27, 2012

Before: COLE and McKEAGUE, Circuit Judges; ZATKOFF, District Judge.[*]

_____

## COUNSEL

**ARGUED:** H. Macy Favor, Jr., FAVOR LEGAL SERVICES, Columbus, Ohio, for Appellants. Henry G. Appel, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, Mary Jane Martin, PROSECUTING ATTORNEY'S OFFICE, Columbus, Ohio, for Appellees. **ON BRIEF:** H. Macy Favor, Jr., FAVOR LEGAL SERVICES, Columbus, Ohio, for Appellants. Henry G. Appel, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, Mary Jane Martin, PROSECUTING ATTORNEY'S OFFICE, Columbus, Ohio, for Appellees.

---

[*] The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

---

**OPINION**

---

COLE, Circuit Judge.  Plaintiffs-Appellants Wee Care Child Center, Inc. and Tonya Brown appeal the district court's grants of the Defendants' motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6) and cross-motion for judgment on the pleadings under Rule 12(c).  This case comes to us as the latest in a long history of litigation between the Plaintiffs and various state and local government agencies and officials over the licensing of Wee Care Child Center.  After reviewing this lengthy procedural history, we find many of the Plaintiffs' current claims waived.  Because we also find the remaining unwaived claims barred by the Local Government Antitrust Act of 1984, we AFFIRM.

I.

*A. Factual Background*

Plaintiff Brown is the owner and operator of Wee Care Child Center, Inc., ("Wee Care"), a now-defunct Columbus, Ohio, day care center that provided child care services for children of low-income parents.  The Ohio Department of Job and Family Services ("ODJFS") originally granted Wee Care an operating license under Ohio Revised Code § 5104.02 *et seq.*, and when this license expired in December 2005, Wee Care timely applied for a renewal.  This renewal application remained pending without any official decision for fifteen months, from December 2005 to March 2007.  During this time period, ODJFS issued three expired licenses, in July 2006, August 2006, and January 2007, gradually reducing Wee Care's capacity from eighty-eight to thirty-eight children.  These expired licenses remained valid operating licenses throughout the pendency of the renewal process.  *See* Ohio Rev. Code § 119.06.

To provide its service, Wee Care primarily relied on funding contracts under Title XX, which provides government assistance for child care.  *See* 42 U.S.C. § 1397 *et seq.*  In May or June 2006, the Franklin County Department of Job and Family

Services ("FCDJFS")—the agency responsible for distributing and negotiating Title XX funding contracts—decided to discontinue providing public assistance for Wee Care's child care services. FCDJFS based this decision on a proposed adjudication order from ODJFS, which would reject Wee Care's renewal application based on its failure to provide a safe environment for children. Among ODJFS's justifications for rejecting the renewal application were Wee Care's alleged improper use of physical discipline and failure to adequately ensure that its employees did not have disqualifying criminal convictions.

In July 2006, Wee Care requested an evidentiary hearing from ODJFS on the proposed adjudication order. This hearing was originally scheduled for October 2006, but was later delayed until November 2006. Prior to the scheduled hearing, ODJFS withdrew the proposed adjudication order, purportedly with the intent to re-file it at a later date with an additional charge. Wee Care, however, contends that ODJFS withdrew the order because it had insufficient evidence to prove its allegations against Wee Care.

Although ODJFS permitted Wee Care to continue operating its day care center under the expired licenses, Wee Care experienced difficulty negotiating and renewing third-party contracts, including its liability insurance contract and renewal certification from the Ohio Bureau of Workers' Compensation, as well as its Title XX contract. These losses eventually forced Wee Care to go out of business on March 3, 2007.

*B. Procedural Background*

Wee Care's long-fought battle with Ohio state and local government over its renewal application and Title XX funding contract began in November 2007 when Wee Care filed suit in the United States District Court for the Southern District of Ohio ("*Wee Care I*"). Wee Care raised a claim under 42 U.S.C. § 1983, as well as state law tort claims of tortious interference with contracts and business relationships. Wee Care requested eighty-eight million dollars in damages against ODJFS and three individuals, Helen Jones-Kelly, Barbara Riley, and Peggy Blevins. ODJFS filed a motion to dismiss and Wee Care voluntarily dismissed the suit without prejudice.

In February 2008, Wee Care again filed suit in the United States District Court for the Southern District of Ohio, asserting the same § 1983 and state tort law causes of action. This suit ("*Wee Care II*") also named Tonya Brown as a plaintiff and added an allegation that the defendants' actions were motivated by racial animus. The suit again requested eighty-eight million dollars in damages and was filed against ODJFS and the three original individual defendants as well as ODJFS employees, Lemuel Harrison and Michelle Vent. In December 2008, while *Wee Care II* was pending, Wee Care and Brown filed suit in the Ohio Court of Claims against ODJFS and the State of Ohio ("*Wee Care III*"), requesting the same monetary damages and alleging similar legal issues as the prior lawsuits.

After *Wee Care III* was filed in the Ohio Court of Claims, the *Wee Care II* defendants filed a motion to dismiss, arguing that the plaintiffs' claims against the individual defendants had been waived under § 2743.02(A)(1) of the Ohio Revised Code. The *Wee Care II* court "found that, by electing to sue ODJFS in the Court of Claims, Plaintiffs had waived their claims against the individual State Defendants" and granted the motion to dismiss as to the individual defendants. *Wee Care Child Center, Inc. v. Lumpkin*, No. 2:09-cv-1059, 2010 WL 3463369, at *2 (S.D. Ohio Aug. 30, 2010). The state also argued that Eleventh Amendment sovereign immunity barred the plaintiffs' claims against the state, and the court dismissed the claims against ODJFS on that basis.

Following the dismissal of *Wee Care II*, the *Wee Care III* plaintiffs requested a hearing to determine whether the individual defendants were entitled to immunity as government defendants. *See* Ohio Revised Code § 9.86. The *Wee Care III* court decided, over the plaintiffs' objection, to hold the immunity hearing at the same time as the trial on the merits. Thereafter, the plaintiffs voluntarily dismissed *Wee Care III*.

Three days after voluntarily dismissing *Wee Care III*, Wee Care again filed suit in the United States District Court for the Southern District of Ohio ("*Wee Care IV*"). In *Wee Care IV*, Wee Care and Brown named sixteen employees of ODJFS and FCDJFS as defendants. An amended complaint named eleven ODJFS employees ("State

Defendants") and five FCDJFS employees ("County Defendants"). Wee Care raised four causes of action, alleging that the State and County Defendants violated Section 1 of the Sherman Antitrust Act, and that the County Defendants tortiously interfered with Wee Care's contracts and business relationships, and engaged in a civil conspiracy. The State Defendants filed a motion to dismiss under Rule 12(b)(6) on the basis of Ohio Revised Code § 2743.02(A)(1) waiver, qualified immunity, the state action doctrine, and a failure to satisfy pleading standards. The district court granted this motion, concluding that Wee Care's claims were waived because *Wee Care IV* involves the same act or omission alleged in *Wee Care III*. The court further concluded that § 2743.02(A)(1) waiver applied irrespective of Wee Care's attempt to couch *Wee Care IV* in a new antitrust cause of action.

The County Defendants and Wee Care also both filed motions for judgment on the pleadings under Rule 12(c). The County Defendants alleged immunity from money damages under the Local Government Antitrust Act of 1984 ("LGAA"), 15 U.S.C. §§ 34-36, as well as asserted qualified immunity, the state action doctrine, and failure to satisfy pleading standards as additional bases for judgment in their favor. The district court granted the County Defendants' motion, finding the LGAA to bar Wee Care's request for relief on the antitrust claim and then declined to exercise supplemental jurisdiction over the remaining state law claims. Wee Care timely appeals the district court's orders and it is *Wee Care IV* that is currently before this Court.

In November 2010, following the district court's decision in *Wee Care IV*, Wee Care again filed suit in the Ohio Court of Claims ("*Wee Care V*"), against ODJFS and five individual defendants, raising allegations nearly identical to *Wee Care III*. The Ohio Court of Claims has stayed proceedings in *Wee Care V* in response to the appeal of *Wee Care IV* currently before this Court.

II.

*A. Standard of Review*

We review a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) de novo. *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). "To survive a motion to dismiss, [the plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The Court must construe the complaint in light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove any set of facts in support of her claim that would entitle her to relief." *Turker,* 157 F.3d at 456. We also review the "district court's decision regarding a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) . . . using the same de novo standard of review" as a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).

*B. Wee Care's Claims Against the State Defendants*

The *Wee Care IV* complaint raises one claim against the State Defendants, a per se violation of Section 1 of the Sherman Antitrust Act. Wee Care bases its antitrust action on ODJFS's allegedly improper process of responding to license renewal applications, which involves a procedure Wee Care characterizes as a "zero out scheme." Under this alleged zero out scheme, Wee Care contends that ODJFS would not respond timely to renewal applications and, with the cooperation of FCDJFS, would deny Title XX funding to day care centers awaiting a renewal decision. As the day care centers were left to operate under expired licenses that often reduced the number of children the center could serve, the day care centers would have trouble negotiating necessary third-party contracts. With fewer clients and no Title XX funding, the businesses eventually would be forced to close.

Wee Care alleges that ODJFS implemented this zero out procedure as a means to control the day care market and drive disfavored businesses out of the market without providing the due process hearing required by Ohio law. Section 119.06(C) of the Ohio Revised Code requires any licensing agency to "afford a hearing upon the request of a person whose application for a license has been rejected . . . ." Ohio Rev. Code § 119.06(C). Wee Care alleges that when ODJFS wanted to deny an application, rather than affording the day care operator a hearing, the State Defendants would delay the hearing for such lengthy periods of time that the day care center eventually went out of business, mooting the request for a hearing.

Wee Care's attempt to establish an antitrust claim against the State Defendants based on this alleged zero out scheme fails both as a matter of state and federal law. As a threshold matter, as the district court correctly concluded, § 2743.02(A)(1) expressly prohibits Wee Care from raising any claims regarding any such zero out procedure against individual government employees. In this section, Ohio law provides a limited waiver of sovereign immunity and consent to suit in the Court of Claims. However, it also provides that a plaintiff who elects to sue the state in that court waives the right to raise claims against individual employees of the state. Section 2743.02(A)(1) states that "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee . . . ." This waiver is void if "the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." *Id.*; *see Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 953 (6th Cir. 1987) (en banc).

When Wee Care filed *Wee Care III* in the Court of Claims against ODFJS and the State of Ohio, it waived any claims against the individual officers and employees that arose from the same act or omission. Wee Care contends that *Wee Care III* does not involve the same acts or omissions as *Wee Care IV*, because its current complaint couches its causes of action in terms of antitrust and conspiracy violations, whereas prior

iterations of the complaint were presented as due process violations.  Although the parties dispute whether Wee Care even raised this new claim of conspiracy against the State Defendants, even assuming that the conspiracy claim was properly raised, we have previously rejected the argument that a plaintiff may evade the reach of § 2743.02(A)(1) by employing a new cause of action.  In *Thomson v. Harmony*, we held that because § 2743.02(A)(1) "specifically refers to an 'act' rather than an 'allegation' or 'claim,'" waiver applies if the two cases involve the same acts or omissions regardless of whether they "share the same legal or theoretical foundation . . . ."  65 F.3d 1314, 1319 (6th Cir. 1995) (emphasis omitted).  Because the case before this Court involves the same issue previously raised in the Court of Claims in *Wee Care III*—the impropriety of ODJFS and FCDJFS's purported zero out scheme—under § 2743.02(A)(1), Wee Care is barred from suing individual government employees and the district court properly dismissed the case.

Regardless of the waiver issue, the State Defendants are further entitled to dismissal under Rule 12(b)(6) because Wee Care has failed to state a claim to relief that is plausible on its face.  Viewing Wee Care's complaint in the light most favorable to it and accepting all its well-pleaded allegations as true, Wee Care has not alleged facts that would plausibly allow it to show that the State Defendants violated antitrust laws.  "To prove antitrust injury, the key inquiry is whether competition—not necessarily a competitor—suffered as a result of the challenged business practice."  *CBC Cos., Inc. v. Equifax, Inc.*, 561 F.3d 569, 571-72 (6th Cir. 2009) (emphasis omitted).  "Because protecting competition is the *sine qua non* of the antitrust laws, a complaint alleging only adverse effects suffered by an individual competitor cannot establish an antitrust injury."  *Care Heating & Cooling, Inc., v. Am. Standard, Inc.*, 427 F.3d 1008, 1014-15 (6th Cir. 2005).

A review of Wee Care's complaint reveals that it has not set forth "sufficient factual matter . . . to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted), because it lacks any factual basis for concluding a harm to competition beyond "adverse effects

suffered by an individual competitor," *Care Heating & Cooling, Inc.*, 427 F.3d at 1014-15. Wee Care provides no facts, beyond mere conclusory statements, to support the allegation that ODJFS's procedures harmed competition. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint, such as that in *Wee Care IV*, that solely "tenders naked assertion[s] devoid of further factual enhancement," cannot survive a motion to dismiss under Rule 12(b)(6). *Id.* at 678 (internal quotation marks omitted) (alteration in original). As such, the district court properly granted the State Defendants' motion to dismiss and we need not address the State Defendants' defenses under qualified immunity and the state action doctrine.

*C. Wee Care's Claims Against the County Defendants*

The *Wee Care IV* complaint raises four claims against the County Defendants: a per se violation of Section 1 of the Sherman Antitrust Act, tortious interference with contract, tortious interference with business relationships, and civil conspiracy. The district court dismissed all four causes of action, finding the LGAA to bar the antitrust claim and declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) on the remaining state law claims. The LGAA, enacted in response to the voluminous antitrust litigation against local governments, provides that "[n]o damages, interest on damages, costs, or attorney's fees may be recovered [for antitrust violations] . . . from any local government, or official or employee thereof acting in an official capacity." 15 U.S.C. § 35(a). Wee Care contends that the County Defendants' actions underlying the antitrust claim were not made in their official capacity because they participated in the allegedly improper zero out scheme and, therefore, asks this Court to deny LGAA immunity.

As the question of whether the County Defendants were "acting in an official capacity" is dispositive to Wee Care's argument, we must first explore the meaning of this requirement. We have not previously defined, for purposes of the LGAA, the phrase "acting in an official capacity." However, the Fourth Circuit has reasoned that:

> Our position [is] that an affirmative grant of explicit authority is not required for an employee or government official to be acting in an official capacity under the LGAA . . . . [T]he phrase 'acting in an official capacity' includes those lawful actions, undertaken in the course of a defendant's performance of his duties, that reasonably can be construed to be within the scope of his duties and consistent with the general responsibilities and objectives of his position.

*Sandcrest Outpatient Servs., P.A. v. Cumberland Cnty. Hosp. Sys., Inc.*, 853 F.2d 1139, 1145 (4th Cir. 1988) (citing *Montauk-Caribbean Airways, Inc. v. Hope*, 784 F.2d 91, 94 (2d Cir. 1986)). We agree with the Fourth Circuit that "acting in an official capacity" should be read broadly for purposes of the LGAA. *See Montauk-Caribbean Airways,* 784 F.2d at 94 ("[T]he phrase 'acting in an official capacity' [was intended to] be given broad meaning.").

Applying this broad reading, Wee Care's argument that the County Defendants were acting outside the scope of their official capacity when negotiating Title XX funding contracts is untenable. Municipal employees act within their official capacity when conducting duties that are "consistent with the general responsibilities and objectives" of their positions. *Sandcrest Outpatient Servs., P.A.*, 853 F.2d at 1145. There is no question that the negotiation of Title XX funding contracts falls within the "general responsibilities and objectives" of the County Defendants' positions. And, to the extent that Wee Care seeks to argue that the County Defendants undertook this general responsibility with an improper motive, that argument fails because "[t]he LGAA makes no provision for consideration of a defendant's motives . . . ." *Id.* at 1146. Therefore, the LGAA shields the County Defendants from antitrust liability and the district court properly granted their cross-motion for judgment on the pleadings under Rule 12(c).

As Wee Care's one federal claim was properly dismissed, it was likewise proper for the district court to decline to exercise supplemental jurisdiction over the remaining state law claims. A district court may exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a); however, the court may decline to do so if, for example, it "has dismissed all claims over which it has original jurisdiction . . . ."

28 U.S.C. § 1367(c)(3). This Court reviews "the district court's decision to exercise or not to exercise, supplemental jurisdiction" for an abuse of discretion, *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892 (6th Cir. 1998), and will affirm the district court's decision "unless we are left with a definite and firm conviction that the trial court committed a clear error of judgment," *United States v. Mack*, 159 F.3d 208, 217 (6th Cir. 1998) (internal quotation marks omitted). As § 1367(c)(3) expressly permits the district court to decline supplemental jurisdiction in the event, as was the case here, the federal claims are resolved, there was no abuse of discretion.

### III.

The district court's grants of the State Defendants' motion to dismiss under Rule 12(b)(6) and the County Defendants' cross-motion for judgment on the pleadings under Rule 12(c) are AFFIRMED.