NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0869n.06

No. 11-5992

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Aug 09, 2012*

LEONARD GREEN, Clerk

ROBIN SOUTHWELL,                                    )
                                                   )     ON APPEAL FROM THE
    *Plaintiff-Appellant*,                        )     UNITED STATES DISTRICT
                                                   )     COURT FOR THE EASTERN
v.                                                 )     DISTRICT OF TENNESSEE
                                                   )
SUMMIT VIEW OF FARRAGUT, LLC,                      )              O P I N I O N
                                                   )
    *Defendant-Appellee*.                         )

BEFORE:     COLE and COOK, Circuit Judges; ROSEN, Chief District Judge.[*]

COLE, Circuit Judge.  Robin Southwell filed suit in the Circuit Court for Knox County, Tennessee, against the Summit View of Farragut nursing home, asserting that it was responsible for the death of her mother, Claudia Adkins.  After the case was removed to federal court, the district court dismissed the suit under Federal Rule of Civil Procedure 12(b)(6), finding that Southwell did not comply with the pleading requirements for a malpractice action under the Tennessee Medical Malpractice Act ("TMMA"), and failed to state a claim for which relief can be granted under the Americans with Disabilities Act ("ADA").  On appeal, Southwell appears to concede that the district court was correct, but argues that her complaint also sounds in ordinary negligence under Tennessee common law, and thus is not subject to the requirements of the TMMA.  We AFFIRM the district

---

[*]The Honorable Gerald E. Rosen, Chief Judge of the United States District Court for the Eastern District of Michigan, sitting by designation.

court's dismissal of Southwell's complaint, but REVERSE the determination that the dismissal should be with prejudice and REMAND the case to the district court for Southwell to amend her complaint in support her ordinary negligence theory.

## I. BACKGROUND

On December 11, 2009, Claudia Adkins was transferred from the University of Tennessee Medical Center to the Summit View of Farragut nursing home ("Summit View").[1] *Southwell v. Summit View of Farragut LLC*, No. 3:10-CV-550, 2011 WL 2749614, at *1 (E.D. Tenn. July 15, 2011). Ms. Adkins was suffering from emphysema and cancer, as well as being deaf and blind. *Id.* On October 6, 2010, Ms. Adkins died.

On November 23, 2010, Robin Southwell, the daughter of Adkins, filed suit against Summit View in Tennessee state court, alleging "Negligence-Medical Malpractice" (Count One) and "Wrongful Death" (Count Eleven). The case was removed to the district court for the Eastern District of Tennessee on December 20, 2010. Summit View filed a motion to dismiss under Rule 12(b)(6), arguing, inter alia, that Southwell had failed to provide proper notice to Summit View of her claim, as well as failed to provide an affidavit of good-faith from a medical expert, as required under the TMMA. In addition, Summit View construed Southwell's allegations regarding the lack

---

[1] Summit View asserts in its brief that "the decedent, Claudia Adkins was never even admitted to Summit View of Farragut, but was immediately on her arrival there sent back to the University of Tennessee Medical Center when it was determined that Summit View of Farragut could not provide the care she needed." As Summit View recognizes, we must accept as true all facts pleaded by the plaintiff when reviewing a dismissal under Rule 12(b)(6). *Wee Care Child Center, Inc. v. Lumpkin*, 680 F.3d 841, 846 (6th Cir. 2012). Therefore, we assume for purposes of this opinion that Ms. Adkins was a patient at Summit View, and we do not wade into this rather puzzling factual dispute between the parties.

of an interpreter as a claim under the ADA, and argued that the ADA did not provide any vehicle for relief to Southwell. The district court granted a dismissal with prejudice under 12(b)(6) on both the TMMA and ADA claims, and ordered the case closed. This appeal followed.

## II. ANALYSIS

A motion to dismiss under Rule 12(b)(6) is reviewed de novo. *Wee Care*, 680 F.3d at 846. "The Court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove any set of facts in support of her claim that would entitle her to relief." *Id.* (quoting *Turker v. Ohio Dep't of Rehab & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998)). However, "[t]o survive a motion to dismiss, [the plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010)) (second alteration in original) (internal quotation marks omitted).

### A. The District Court's Jurisdiction

As a threshold matter, we must determine whether the district court had jurisdiction to consider this claim. Summit View of Farragut, LLC, removed this case to the Eastern District of Tennessee on the basis of diversity of citizenship between the parties. 28 U.S.C. §§ 1332, 1441(b). However, the Notice of Removal references the residency of the Plaintiff Robin Southwell, as opposed to the residency of the decedent Claudia Adkins. *See* 28 U.S.C. § 1332(c)(2) ("[T[he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ."). Furthermore, as a limited liability company, Summit View has "the citizenship of each partner or member." *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir.

2009).  Summit View did not properly allege or establish in the Notice of Removal that all entities composing the limited liability company are completely diverse from Claudia Adkins.

On July 11. 2012, we ordered Summit View to show cause why this matter should not be dismissed for lack of jurisdiction.  Summit View responded with affidavits establishing that each of the owners of the Summit View LLC are domiciled in the state of Tennessee.  In addition, Summit View asserted, based on the complaint and the demand letter sent by Southwell's counsel prior to the initiation of litigation, that Adkins resided in Florida from December 16, 2009, until her death on October 6, 2010.  Southwell did not file any response to Summit View's showing.

In light of Summit View's representations, we conclude that the district court has jurisdiction to consider this case.[2]  The affidavits provided by Summit View establish that the LLC is a Tennessee corporation for purposes of diversity jurisdiction.  Likewise, Summit View has established that Adkins was a citizen of Florida for diversity purposes.  Even if Adkins was a Tennessee domiciliary at the time she was under the care of Summit View, "[e]stablishment of new domicile is determined by two factors: residence in the new domicile, and the intention to remain there."  *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990).  Southwell does not dispute

---

[2] Removal would normally be inappropriate in a case such as this, as "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Thus, Summit View's status as both a defendant and a Tennessee domiciliary would defeat removal.  However, we have held that § 1441(b)(2) is non-jurisdictional and must be raised by the plaintiff in a motion to remand. *Plastic Moldings Corp. v. Park Sherman Co.*, 606 F.2d 117, 119 n.1 (6th Cir. 1979); *RFF Family Partnership, LP v. Wasserman*, 316 F.App'x 410, 411-12 (6th Cir. 2009).  As such, Southwell has waived this objection to jurisdiction.

that Adkins was physically present in Florida for ten months prior to her death, and there is no evidence to suggest that Adkins had an intention, or an ability, to return to Tennessee at some future point. This is sufficient to establish that Adkins was domiciled in Florida prior to her death. Thus, Adkins and Summit View are completely diverse, and jurisdiction over this matter is proper.

*B. The District Court's Opinion*

The district court dismissed Southwell's medical malpractice claim on two independent grounds. First, the district court found that Southwell failed to provide Adkins's date of birth, as well as an affidavit of proper service, in her notice of claim to Summit View. As both of those elements are required under the TMMA, *see* Tenn. Code Ann. §§ 29-26-121(a)(2)(A) & (a)(4), the district court held that Southwell did not provide proper notice of the malpractice claim to Summit View. Second, the district court found that Southwell never filed a certificate from an expert witness supporting Southwell's good faith belief that Summit View violated the applicable standard of care, as required under § 29-26-122(a). Failure to follow these requirements ordinarily results in the dismissal of the TMMA claim. *See id.* § 29-26-122(c) ("The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice."); *Long v. Hillcrest Healthcare-West*, No. E2009-01405-COA-R3-CV, 2010 WL 1526065, at *4 (Tenn. Ct. App. April 16, 2010) ("We hold that the gravamen of plaintiff's complaint sounds in medical malpractice, plaintiff was required to comply with the notice requirement found in Tenn. Code Ann. § 29-26-121(a) . . . . Having failed to comply, plaintiff's medical malpractice claims were subject to dismissal, as the Trial Court properly found.").

Southwell does not appear to challenge these determinations on appeal. Moreover, a review of Tennessee case law interpreting these provisions of the TMMA shows that a plaintiff may overcome the failure to comply with the TMMA's pleading requirements only by a showing of "good cause" or "excusable neglect." *See Brandon v. Williamson Med. Ctr.*, 343 S.W.3d 784, 789-91 (Tenn. Ct. App. 2010) (defining under what circumstances a plaintiff can establish "good cause" or "excusable neglect" under § 29-26-122(c)); *Howell v. Claiborne & Hughes Health Ctr.,* 2010 WL 2539651, at *15-17 (Tenn. Ct. App. June 24, 2010) (holding that cause existed to decline to dismiss a TMMA claim for a defect in the notice where the hospital was clearly aware of the pendency of the claim). Southwell asserts no reason for her failure to follow the pleading requirements, and we cannot find any in the record. As such, we affirm the district court's dismissal of Southwell's TMMA claim.

The district court also dismissed Southwell's claim under the ADA. The district court construed Southwell's complaint to seek relief under Title III of the ADA, which applies to "Public Accommodations and Services Operated by Private Entities." 42 U.S.C. § 12182 *et seq*. However, Title III of the ADA provides only injunctive relief, not monetary damages, to successful plaintiffs. "[T]he enforcement statute [for Title III] is 42 U.S.C. § 12188, which incorporates the remedies of 42 U.S.C. § 2000a-3(a), and that section does not include money damages." *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 293 (6th Cir. 1999). As Southwell may not seek monetary damages, and Adkins's death makes any conceivable injunctive relief moot, the district court concluded that Southwell could not receive relief under the ADA. Again, Southwell does not directly challenge this

determination[3], and our review of the record and the case law supports the district court's conclusion.

As such, we affirm the district court's dismissal of Southwell's ADA claim.

*C. Southwell's Arguments on Appeal*

Rather than attack the district court's conclusions directly, Southwell argues that the district court failed to address her allegations of ordinary negligence and wrongful death when it dismissed her claim in its entirety. Under Tennessee law, a claim may "be separated into acts and omissions constituting medical malpractice and acts and omissions constituting ordinary negligence." *Estate of French v. Stratford House*, 333 S.W.3d 546, 558 (Tenn. 2011). In *French*, the Tennessee Supreme Court noted that "not all care given to patients at nursing home facilities is necessarily related to the rendering of medical care by a medical professional." *Id.* at 560. The court drew a distinction between "[t]he assessment of a patient's condition and the development of a plan of care," which would be subject to the TMMA, and "[a] nursing home's failure to ensure that its staff, including certified nursing assistants, actually complies with the plan of care and performs services that, however necessary, are routine and nonmedical in nature," which falls into the category of ordinary negligence. *Id.* Thus, if Southwell's claims can be construed as relating to the implementation of the plan of care for Adkins, as opposed to the medical determinations that

---

[3] Southwell does argue on appeal that the alleged violation of the ADA constitutes negligence per se. We have previously held that a plaintiff may not bootstrap an ADA claim against a private entity into a claim for monetary damages via a negligence per se theory. *See Smith*, 167 F.3d at 293 ("[T]o use ADA as the basis for a negligence per se claim would create a damages remedy in every state allowing negligence per se recovery, and [we have found] no state cases allowing such a remedy.") Thus, we agree with the district court that Southwell's allegations regarding the alleged lack of an interpreter should be dismissed.

informed the development of the plan, then her claim could go forward despite her failure to properly plead a claim under the TMMA.

Southwell asserts three specific factual allegations against Summit View that could plausibly be construed as sounding in the failure to implement a plan of care, and thus constitute a claim for ordinary negligence under Tennessee law : (1) failing to "tak[e] proper care of the late Claudia Adkins, including placing her in a suitable room," (2) failing to properly care for Adkins's emphysema and cancer; and (3) failing to "promptly inform[] the supervising Nursing Home Physician of the progression and deterioration of the patient's condition . . . ." However, there is nothing in Southwell's complaint that asserts that these alleged failures stem from non-medical personnel's implementation of Adkins's plan of care, which would be required to make out an ordinary negligence complaint under *French*. Thus, even with a liberal reading of the complaint, Southwell's ordinary negligence claim should be dismissed as well.

Nevertheless, "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) (internal citations and quotation marks omitted). Here, the district court dismissed the entire action, including the ordinary negligence theory, when it dismissed the TMMA and ADA claims. Thus, Southwell did not have her "one chance" to amend her complaint and substantiate her ordinary negligence claim. For this reason, we reverse the dismissal of the complaint and remand the action

back to the district court to give Southwell an opportunity to amend her complaint with regard to the ordinary negligence theory.[4]

Finally, Southwell continues to assert a wrongful death claim. Under Tennessee law, a wrongful death claim "does not create a new cause of action for the plaintiffs, but simply preserves [the decedent's] right of action which would otherwise be extinguished by her death." *Rogers v. Donelson-Hermitage Chamber of Commerce*, 807 S.W.2d 242, 245 (Tenn. Ct. App. 1990); *see also* Tenn. Code Ann. § 20-5-106(a) (codifying wrongful death claims under Tennessee law). In other words, the "wrongful death" claim is entirely derivative of, and tied to, the underlying tort theory that establishes the harm to the decedent. Southwell is thus free to plead in her amended complaint that the injuries suffered by Adkins from the ordinary negligence of Summit View resulted in the death of Adkins.

III. CONCLUSION

We AFFIRM the district court's dismissal of the TMMA and ADA claims, but REVERSE and REMAND to the district court to allow Southwell to amend her complaint in accordance with this opinion.

---

[4] Because Southwell's TMMA and ADA claims were dismissed as a result of legal defects, as opposed to a lack of factual development, it would be futile to allow Southwell to reassert those claims in an amended complaint. *See Riverview Health Inst., LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). Therefore, dismissing the TMMA and ADA claims with prejudice was proper, and we affirm the district court in this regard.