NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0128n.06
Filed: February 16, 2005
File Name: 05a0128n.06
Filed: February 16, 2006

No. 03-4111

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **TRACY PASSA**, on behalf of herself and all others similarly situated, | ) ) ) | |
| *Plaintiff-Appellant*, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| v. | ) ) | |
| **CITY OF COLUMBUS; COLUMBUS CITY PROSECUTOR'S OFFICE** | ) ) ) | **O P I N I O N** |
| *Defendants-Appellees*. | ) | |

BEFORE:    RYAN, COLE, and ROGERS, Circuit Judges

**R. GUY COLE, JR., Circuit Judge.** Tracy Passa claims that the City of Columbus's

"Check Resolution Mediation Program" (the "Program") violates both federal and state laws. The

district court found that Passa had failed to state a claim on which relief can be granted. In doing

so, the district court referred to the city's website, which stated the purpose of the program. Because

the website is not a public record of which judicial notice would be appropriate during a motion to

dismiss for failure to state a claim, we **VACATE** the judgment of the district court, and **REMAND**

for proceedings consistent with this opinion.

**I.**

The City of Columbus operates a "Check Resolution Program" through the City Prosecutor's Office, whereby it facilitates the payment of debts owed due to bad checks. The complete procedure of this program is unclear from the record, but at the very least, the following is known: after a merchant who claims to have received a bad check submits a complaint to the City Prosecutor, the Prosecutor's Office sends a letter to the person alleged to have written the bad check. An example letter, on City Attorney letterhead, says, in large part:

> Please be advised that a complaint regarding a dishonored Check(s) has been made against you by the above referenced store/merchant concerning your Check No(s) listed below and the corresponding amounts. A Check Resolution Mediation has been scheduled in an attempt to resolve this issue.
>
> You are hereby requested to appear in person in Courtroom 4C, located on the fourth floor 375 High St., on the date **7/31/02 at 4:30:00 PM.**
>
> The Check Resolution Mediation is an out-of-court meeting between you and the merchant to attempt to resolve this issue. **(There may be up to a one hour wait.)**
>
> **Do not bring any children to the mediation**
>
> **DO NOT SEND ANY PAYMENT IN ANY FORM TO THE CITY PROSECUTOR'S OFFICE!** A merchant representative will be present at the time of your Mediation who can accept your payment.
>
> **If you have any questions, contact the merchant directly at the above phone number.**
>
> **YOU MUST BRING THIS NOTICE WITH YOU TO THE MEDIATION.**

The letter then lists the debts alleged due, along with a $3 per check administrative fee, and a $25 "return check fee." The letter is signed by Barbara A. Williams, City Prosecutor's Office, Check Resolution Program Coordinator, and Bridget D. Durham, City Prosecutor's Office, Alternative Dispute Unit Director.

On July 11, 2002, the City sent Tracy Passa such a letter, pursuant to a claim made by Check$mart, a payroll lender whose services she had previously used. The court date listed on the letter was July 31, 2002. There is no evidence that Passa went to the courthouse on that day. Later, on August 6, 2002, the City sent another letter to Passa, with identical text except for the words "***SECOND AND FINAL NOTICE***" at the top, and a new court date of August 14, 2002. It is unclear from the record whether Passa ever went to that court date, nor is it clear what would have happened had she (or any other recipient of such a letter) done so.

Passa filed suit, on behalf of herself and all others similarly situated, against the City of Columbus and the City Prosecutor's Office on January 27, 2003. She alleged that the Check Resolution Program ("the Program") was unfair, deceptive, and unconscionable under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), that it also violated the Ohio Consumer Sales Protection Act, Ohio Rev. Code Ann. § 1345 *et seq.* ("OCSPA"), and finally that it violated her constitutional rights in violation of 42 U.S.C. § 1983. After the parties agreed to have their case heard by a magistrate judge, they also agreed to the dismissal of the City Prosecutor's Office since the office, as a unit of municipal government, would be bound by any judgment against the City.

The City then moved to dismiss Passa's claims for failure to state a claim on which relief could be granted. The City claimed that the FDCPA did not apply to it because it was not a "debt collector" as defined in the Act, or, alternatively, that it was statutorily exempted from the Act. It also claimed that the OCSPA did not apply because the City was not a "supplier" as defined by Ohio law. Passa replied disputing each of the City's claims, and noted that the City had not mentioned

her § 1983 claims, which, she claimed, were thus still active outside the scope of the motion to dismiss. The City responded by saying that since Passa had not pleaded any other specific federal rights, dismissal of her other two claims would leave "nothing left to sustain a § 1983 cause of action." The magistrate judge agreed with the City on all claims and granted dismissal for failure to state a claim upon which relief can be granted, noting that the City's website stated that the Program's purpose was to resolve disputes, not to collect debts. Passa's timely appeal to this Court followed.

**II.**

We review *de novo* a district court decision to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004). As usual, "this Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). Further, in ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court generally may not consider any facts outside the complaint and exhibits attached thereto. *See, e.g., Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). Here, the parties disagree about what evidence outside the complaint, if any, could be reviewed in order to determine, as a matter of law, that the City's alleged actions rendered it a "debt collector" for FDCPA purposes and a "supplier" for OCSPA purposes. As a result, we must resolve this dispute first.

As part of its brief order dismissing the case, the district court relied upon a description of the Program found on the Columbus City Attorney's website. The City claims that the magistrate judge's use of this website was proper, since it was a "public record." All circuits to consider the issue have noted that a court may take judicial notice of at least some documents of public record when ruling on a Rule 12(b)(6) motion. *See, e.g., New Eng. Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). The majority of these courts, however, have held that the use of such documents is proper only for the fact of the documents' existence, and not for the truth of the matters asserted therein. *See, e.g.*, *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996); *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354-55 (7th Cir. 1995). Further, in general a court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned. *See, e.g.*, FED. R. EVID. 201(b)(2); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1993) (collecting cases). Despite the fact that the majority of such cases dealt with the public filings of private corporations or of judicial proceedings, at least one court has noted that even a judicial opinion may not be relied upon, in a motion to dismiss, for the truth of the facts within. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004). In general, the majority of the cases which do not allow a court to take judicial notice of the contents of a public record do so because there is no way for an opposing party, prior to the issuance of the court's decision, to register his or her disagreement with the facts in the document of which the court was taking notice. *See, e.g., Hennessy*, 69 F.3d at 1354-

55. Thus, in order to preserve a party's right to a fair hearing, a court, on a motion to dismiss, must only take judicial notice of facts which are not subject to reasonable dispute.[1]

Here, the City asserts, the magistrate judge's use of the City Attorney's website to determine the purpose of the Program was proper because:

> A public record is nothing more than the record of a public entity. The defendant in this lawsuit is the City of Columbus. The office of the Columbus City Attorney is a part of the City of Columbus. The record to which the district court referred, the website of the City Attorney, is a public record.

However, Passa specifically disagrees with the statements contained on the website at issue regarding the purpose of the Check Resolution Program. Indeed, Passa notes in her brief other City Attorney documents that give accounts of the purpose of the Program that are arguably in direct conflict with the online statements relied upon by the district court. Further, if all online statements by a government agency could be relied upon as true by a court considering a motion to dismiss, government agencies could defuse any complaint alleging improper governmental motives merely by stating an arguably proper motive on their website. Such a result could eviscerate all sorts of fraud, civil rights, and other laws requiring investigations into governmental motives. Therefore, since the stated purpose of the Check Resolution Program is a fact whose accuracy *can* reasonably be questioned, it was not appropriate for the district court to take the City Attorney's Office's

---

[1] Of course, a court wishing to consider other facts outside the pleadings may always give the parties notice that it is converting the 12(b)(6) motion into one for summary judgment under Rule 56, thus allowing both parties the opportunity to introduce other external materials. FED. R. CIV. P. 12(b). No such opportunity was afforded either party in this case.

statements on its website into account when resolving the motion to dismiss without also converting the motion into one for summary judgment.[2]

As a result, the district court's determination that Passa had not stated a claim was based on evidence, favorable to the City, that it should not have considered without allowing Passa the opportunity to respond. Passa contends that she has a wide array of contrary evidence that will show that the Program's purpose is to collect debts, and that, regardless, the City's activities in executing the Program render the City a "debt collector" for FDCPA purposes and a "supplier" for OCSA purposes. The district court therefore should have afforded Passa an opportunity to present her evidence regarding the exact nature of the Program's purpose and activities. *See, e.g.,* FED. R. CIV. P. 12(b) ("If, on a motion [under Rule 12(b)(6)], matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . ., and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."); *Carter v. Stanton*, 405 U.S. 669, 671 (1972) (holding that a district court that considered matters outside the pleadings was required to convert a Rule 12(b)(6) motion into one for summary judgment). Both the Supreme Court and this Court have found a district court's failure to grant such an opportunity constitutes reversible error. *See, e.g., Carter*, 405 U.S. at 671-72; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171 (6th Cir. 1971) (finding reversible error where a district court considered matters outside the complaint without

---

[2]We note in passing that an actor's stated purpose for undertaking a particular course of action is not necessarily determinative of whether or not he or she is in fact a "debt collector" for FDCPA purposes; rather, it is either the principal purpose of the actor's business or the regular actions taken by the actor that either do or do not impart "debt collector" status. *See, e.g.*, 15 U.S.C. § 1692a(6) (1994); *Schroyer v. Frankel*, 197 F.3d 1170, 1173-77 (6th Cir. 1999).

either treating the 12(b)(6) motion at issue as a motion for summary judgment under Rule 56 or

allowing the parties to present additional evidence outside the pleadings).

## III.

For the preceding reasons, we hereby **VACATE** the judgment of the district court and

**REMAND** the case for proceedings consistent with this opinion.