NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0921n.06

No. 13-5018

**FILED**
Oct 25, 2013
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MICHAEL R. BURNS, | ) | |
| | ) | |
| *Plaintiff-Appellant,* | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| UNITED STATES OF AMERICA; | ) | DISTRICT OF TENNESSEE |
| Charles E. Samuels, Jr., Director, | ) | |
| Federal Bureau of Prisons; | ) | |
| Juan D. Castillo, Warden; | ) | |
| Dr. Nahem Naimey; Harrell Watts; | ) | |
| Mr. Franklund; P.A. Cabanero, | ) | |
| | ) | |
| *Defendant-Appellee.* | ) | |

BEFORE:  SILER and COLE, Circuit Judges; DOWD, District Judge.[*]

PER CURIAM.  This case is an appeal by Plaintiff Michael R. Burns from the district court's

grant of the United States's Fed. R. Civ. P. 12(b)(6) motion to dismiss.  For the reasons set forth

below, we REVERSE the dismissal with prejudice and REMAND.

**I.  BACKGROUND**

**A.  Facts of the Case**

The following facts are taken from the Complaint.

---

[*]The Honorable David D. Dowd, Jr., United States District Judge for the Northern District
of Ohio, sitting by designation.

Michael Burns, a prisoner incarcerated at the Federal Correctional Institution at Memphis, reported to sick call on September 22, 2008, suffering from severe pain in his groin area. Burns was examined by Dr. Nahem Naimey, medical director of the prison, who diagnosed a severe inguinal hernia and said, "This requires immediate attention."

Months passed with no treatment and Plaintiff's medical condition "deteriorated to a shocking and painful degree" with a swelling in his groin area so large he was frequently searched for contraband. Burns made repeated requests for treatment, through personal face-to-face requests, and the filing of complaints and grievances. Burns did not receive notification from the Institutional Utilization Review Committee that he had been approved for an outside surgical evaluation until March 4, 2009, and did not undergo surgery until nearly two years after his diagnosis.

On April 15, 2012, Burns filed a Complaint for Negligent Infliction of Mental Distress, Negligent Infliction of Unnecessary Pain and Suffering, Medical Malpractice and Medical Battery against the United States of America, Charles E. Samuels, Jr., Director, Federal Bureau of Prisons, Warden Juan D. Castillo, Dr. Nahem Naimey, Harrell Watts, Mr. Franklund and P.A. Cabanera. Burns's Complaint alleges that Defendants' "negligent acts and omissions" caused him substantial injury, specifically, to "endure more invasive surgery," excessive scarring, "pain, suffering and impairment of his right to enjoy life."

Burns brings his action under the Federal Tort Claims Act, 28 U.S.C. § 2672 ("FTCA"). He alleges in ¶ 6 of his Complaint that he "has complied with all administrative and procedural requirements prior to the filing of this civil action and all conditions precedent to a Federal Tort Claims Act." In ¶ 7 he is even more explicit, stating, " Plaintiff was notified of the determination by the Federal Bureau of Prisons that he had not suffered a compensable injury due to the negligence of staff acting within the scope of their employment by an undated letter received October 27,

2011." To document his exhaustion of administrative remedies, Burns attaches a copy of the letter rejecting his claim. The letter states:

> Reviews of your medical records show that you received timely and appropriate care for your hernia. You were informed that surgery could not proceed until your underlying high blood pressure was under control, yet you did not report as directed to the Health Services Department for daily blood pressure monitoring. Any delay in treatment was due to your non-compliance with medical orders. Further, there is no evidence that your hernia condition deteriorated due to any perceived delay.

## B. Background on Tennessee Law

Defendants sought dismissal of the action against the United States on the grounds that Plaintiff did not file the certificate of good faith required in health care liability actions under Tenn. Code Ann. § 29-26-122.[1] Section 29-26-122 is substantive Tennessee law applicable to FTCA cases which arise in that state. *See Daniels v. United States,* No. 11-5009, slip op. at 3 (6th Cir. Oct. 7, 2011); *Mayo v. United States,* 785 F. Supp. 2d 692, 696 (M.D. Tenn. 2011).

At the time of Burns's filing, Tennessee law defined a "health care liability action" as a civil action "alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services to a person, regardless of the theory of liability on which the action is based." Tenn. Code Ann. § 29-26-101. All health care liability actions are governed by Tennessee's Medical Malpractice Act ("TMMA").

Certain health care liability actions require a plaintiff to file a "good faith certificate" evidencing consultation with at least one expert who has provided a written opinion that there is a good faith basis to maintain the action. If the certificate is not filed, "the complaint shall be dismissed." Tenn. Code Ann. § 29-26-122.

---

[1] The motion also sought dismissal of the federal officials named as defendants, since the United States is the only permissible defendant under the FTCA. Burns conceded the United States is the proper defendant in a FTCA action.

A good faith certificate is only required in health care actions where expert testimony is required to establish malpractice under § 29-26-115 of the Tennessee Code. Section 29-26-115, in turn, requires expert testimony regarding: (1) the recognized standard of acceptable professional practice in the defendant's community at the time of the alleged injury; (2) whether defendant acted or failed to act with ordinary and reasonable care under that standard; and (3) whether plaintiff's injuries were proximately caused by the defendant, and would not have occurred without his negligent act or omission. Tenn. Code Ann. § 29-26-115 (a)(b).

A plaintiff does not need expert testimony to prove any of the elements under the TMMA in two circumstances: (1) where "the acts . . . complained of are within the ken of the common layman," *Bowman v. Henard,* 547 S.W.2d 527, 531 (Tenn. 1977), or (2) where the doctrine of *res ipsa loquitur* applies, *Carver v. United States*, 2005 WL 2230025, at *8 (M.D. Tenn. Aug. 30, 2005). When a plaintiff proceeds on either of these theories in a health care liability action, no good faith certificate is required.

## C. Defendants' Motion to Dismiss

Defendants' motion to dismiss argued that, in this case, there was actually a decision to delay surgery, a delay "medically necessary because of Plaintiff's uncontrolled high blood pressure." This language of *decision*, specifically a *medical decision* to delay because of Plaintiff's hypertension, is Defendants' repeated refrain throughout their Motion to Dismiss. ("The sole negligent act or omission alleged in the Complaint was the *decision* to delay Plaintiff's hernia surgery, a *decision* that FCI medical staff said was *medically necessary*."; "The *decision* to delay Plaintiff's hernia surgery *until his hypertension was controlled* bears a substantial relationship to the rendition of health care."; "[T]he sole negligent act or omission alleged . . . was the *decision* to delay Plaintiff's hernia surgery, a *decision* that FCI medical staff said was *medically necessary*.). To establish these

"facts," and this characterization, the United States relies upon only one item: the exhibit to the Complaint setting forth denial of Plaintiff's administrative claim.

Using the language of the exhibit as evidence of its position on the merits, the United States argued, "Simply put, the medical wisdom of delaying hernia surgery because of uncontrolled high blood pressure is not within the common knowledge of lay persons." Defendants' logic rolls readily from this characterization to a conclusion of required dismissal: since lay persons cannot evaluate a medical decision regarding delay of surgery due to hypertension, expert opinion under Tenn. Code Ann. § 29-26-115 is necessary and Plaintiff must provide a good faith certificate. Because none was provided, Plaintiff's Complaint should be dismissed.

## D. Plaintiff's Opposition

Plaintiff's opposition reveals that the story set out in the exhibit is hotly contested, indeed, the central conflict of the case. Plaintiff quotes long portions of an opinion by Judge Todd in his parallel action in the Western District of Tennessee alleging violation of his Eighth Amendment rights. Case No. 2:11-cv-02152 ("the *Bivens* action"). In the quoted portions of his opinion in the *Bivens* action, Judge Todd comments upon a Declaration by Defendant Naimey in which Naimey recites essentially the same story told in the administrative denial attached as an exhibit to the complaint: that Burns received proper attention, that his surgery was delayed because of hypertension and that the delay was actually Burns's fault, because, despite instructions to have his blood pressure taken daily, Burns did not comply for a year. Judge Todd observes that Defendant Naimey only provided treatment notes for four Clinical Encounters and only produced the Plaintiff's blood pressure log for April 10, 2010, to May 20, 2010. Looking to Plaintiff's declaration in the *Bivens* action, Judge Todd states, "In Plaintiff's sworn response, he emphatically denies that he failed to report to have his blood pressure taken, stating that he reported where and when he was

instructed." Because of this conflict in the evidence Judge Todd refused to grant summary judgment in favor of Naimey.

Plaintiff also appends to his Opposition to the Motion to Dismiss in this matter his complaint in the *Bivens* action and its attachments. These attachments include letters, claims, complaints and affidavits he filed in his administrative action. The documents tell a story of misery and shocking neglect. Despite Dr. Naimey's initial reaction that his condition required immediate treatment, Burns did not receive prison approval for the surgery for six months, and even after that was obtained, he waited over another year before he received treatment. Meanwhile his condition deteriorated—his testicle is described as the size of a softball or cantaloupe. He was in great pain, and subjected to humiliating treatment by guards and other prisoners. He recounts that he went to the prison medical clinic once or twice a week, and though he made repeated attempts to receive medical attention and help through visits and complaints, nothing was done. Indeed, there is even a suggestion that at least part of the reason for the delay was that medical staff was retaliating for his complaints about his repeated unsuccessful attempts to receive care.

Burns requested that his additional material be accepted, and the motion to dismiss be converted to a motion for summary judgment.[2]

## E. The Decision Below

The district court granted Defendants' Motion to Dismiss and refused to consider the supplemental materials provided by Plaintiff or convert the motion to summary judgment. The district court agreed with Defendant that the only negligent act alleged was the decision to delay

---

[2] Plaintiff Burns spends a good bit of time on an argument regarding *res ipsa loquitur,* which this court finds to be without merit. The court disagrees with the district court's statement that Plaintiff did not present argument in the district court respecting a lay person's perception.

Plaintiff's hernia surgery, that this decision would require expert testimony, and therefore a good faith certificate was required.

## II.  ANALYSIS

### A.  Standard of Review

We review *de novo* a district court's dismissal under Federal Rules of Civil Procedure 12(b)(6).  *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 572 (6th Cir. 2008).  In assessing a complaint for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

### B.  Plaintiff's Grounds for Appeal

*1. Defendants' Motion to Dismiss Should Have Been Converted to One for Summary Judgment*

Plaintiff argues on appeal that the district court should have accepted his supplemental material and treated the motion as one for summary judgment.  We agree.  In this case, the nature of the exhibit attached to the Complaint, and its use as evidence by defendant, introduced factual matter far beyond the allegations of the Complaint, requiring conversion of the motion to one for summary judgment.  As part of this conversion, the district court should have accepted Plaintiff's proffered material refuting the disputed facts relied upon in the exhibit.

As a general rule, a district court, in ruling on a motion to dismiss, should look only to the allegations of the complaint.  A document referred to or attached to the pleadings, and integral to plaintiff's claims, may also be considered without converting a motion to dismiss into one for

summary judgment. *Commercial Money Center, Inc. v. Illinois Union Ins. Co.* 508 F. 3d 327, 336 (6th Cir. 2007). Under this test, neither the Defendant nor the district court should have relied upon the substance of the exhibit to the Complaint, as it is not integral to Plaintiff's claims for two reasons. First, Plaintiff could have submitted his Complaint without the exhibit, relying upon his allegations of exhaustion of administrative remedies alone. Second, the exhibit was submitted solely to evidence that the Federal Bureau of Prisons took final administrative action; the substance of the exhibit is not integral to, but is in fact the Defendant's opposition to, Plaintiff's Complaint.

In addition, not all attached or referenced documents are properly relied upon in a motion to dismiss. If there are disputed material issues of fact regarding the enforceability or validity of a document, it should not be considered when deciding a motion to dismiss. *Ouwinga v. Benistar 419 Plan Serv. Inc.*, 694 F. 3d 783, 797 (6th Cir. 2012). While Plaintiff does not dispute the validity of the document attached as an exhibit to the Complaint, he disputes the validity of the statements in the document relied upon by Defendant, which similarly disqualifies the exhibit from consideration on a motion to dismiss. *Cf. Passa v. City of Columbus*, 123 F. App'x 694, 698 (6th Cir. 2005) (district court committed error by taking judicial notice of statements on website on a motion to dismiss; since the statements were disputed, the court should have converted the motion to one for summary judgment and allowed consumer to respond with evidence).

As noted above, both the Defendant and the district court relied upon the premise that surgical delay was a medical decision necessary because of Plaintiff's hypertension. The only way they could do this was by relying on "facts" stated in the Federal Bureau of Prisons' denial of claim. These "facts" appear nowhere in the Complaint. This exhibit, attached by Plaintiff only for the purpose of establishing exhaustion of administrative remedies, is used by Defendant for the truth of the substantive matter stated in the letter. Citing the statements to provide a factual foundation for its

position on the motion, the government, and the district court, treat the Federal Bureau of Prisons's substantive statements in the letter as true.

While it is correct that, in a motion to dismiss, all allegations of the complaint are deemed to be true, Plaintiff's only allegation was that he was notified of a determination by the Federal Bureau of Prisons that he did not have a compensable injury. Plaintiff attached the letter only for the purpose of establishing exhaustion of administrative remedies; he did not adopt its language as his allegations of fact in the case. Despite this, the Defendant used the exhibit for the truth of the matters stated therein—as if they were Plaintiff's allegations, which are presumed to be true. Because the Defendant and district court treated the factual assertions in the letter as true, the district court concluded that the case involved a matter of medical judgment requiring expert testimony.

The district court erred when it excluded the materials submitted by Plaintiff on the grounds they were not pertinent to the pending motion. Because the story of delay caused by a medical decision regarding hypertension and Plaintiff's asserted failure to follow instructions, all as set forth in the exhibit, had been used and accepted as "facts" Plaintiff's direct refutation of that story was more than pertinent—it was key. There are two competing narratives in this case, and they lead to opposite outcomes on this motion. Is this a case where a medical decision was made to delay surgery because of a patient's hypertension, a decision that can only be evaluated by medical practitioners? Or is this a case where any lay person could determine whether malpractice occurs when a person in the custody and control of the government remains in intense pain with a hernia for two years, while his testicle swells to the size of a softball, before he is allowed surgery? Because the United States was allowed to use disputed statements from the exhibit to support its position on the merits, Plaintiff should have been allowed to refute that evidence, and provide its own as well, in a full motion for summary judgment.

This is the outcome required in *Passa v. City of Columbus, supra*, the most analogous Sixth Circuit case. Just as a court may, in a proper case, consider an attachment to a Complaint without converting the motion to one for summary judgment, a court may take judicial notice of undisputed facts without requiring a conversion. In *Passa,* the district court, considering the city's Rule 12(b)(6) motion, took judicial notice of statements on the city attorney's website regarding the purpose of the city's check resolution mediation program. The Sixth Circuit found that the district court committed reversible error by taking judicial notice of these statements, since the stated purpose of the program was a fact which could be questioned. The court held the district court should have converted the motion to one for summary judgment and allowed the plaintiffs to respond with evidence disputing the program's purpose. *Passa*, 123 F. App'x at 698.

So, here, the district court considered argument and evidence not from the pleadings, but from the text of a letter that had been attached only for the purpose of evidencing its issuance, and not the truth of the matters stated. The matters relied upon are facts which can be and are questioned and challenged by Plaintiff. Here, as in *Passo,* the district court should have converted the motion and accepted Plaintiff's submissions controverting the Defendants' "facts."

## 2. Denial of a Sur-Reply

Plaintiff's argument in this regard is that he had an agreement with opposing counsel that the United States would not oppose Plaintiff's request for a sur-reply. The district court ruled so quickly after Defendants' reply was filed, Plaintiff had no opportunity to request a sur-reply or otherwise respond. While this court does not accept the argument that Plaintiff had a right to a sur-reply or other response, or that an agreement between counsel binds the court, we are mindful that this is a complicated case and Plaintiff has not had an opportunity to respond, or seek to amend his complaint, in response to issues raised by the Defendants.

During oral argument before this court appealing the district court's grant of Defendants' Rule 12(b) motion to dismiss for failure to provide a good faith certificate, Plaintiff's counsel mentioned causes of action against non-medical personnel, and argued that a lay person could understand Defendants' acts, and failure to act, and the consequences thereof, and could reach a conclusion on the question of malpractice and negligence without the necessity of expert witness testimony.

The issues surrounding Plaintiff's claims regarding malpractice and negligence while in the custody of the United States are both complicated and serious. While the ultimate outcome of this case is uncertain, the process should allow Plaintiff an opportunity to fully respond to all issues raised by Defendants in their defense of Plaintiff's claims. Because this court has determined that Defendants' motion to dismiss should have been converted to a motion for summary judgment, permitting a sur-reply by Plaintiff is a pointless proposition. The most efficient and practical step at this point in the proceedings is to permit plaintiff to amend his Complaint, and allow the case to proceed with further pleadings, discovery, dispositive motions or trial.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court dismissing Plaintiff's Complaint is reversed. This case is remanded to the district court for proceedings consistent with this opinion.