KAREN NELSON MOORE, Circuit Judge,
dissenting.
Like the district court, the majority improperly relies on materials outside of the pleadings and misapplies the standard for dismissal under Federal Rule of Civil Procedure 12(b)(6). As a result, I dissent.
In affirming dismissal of Ohnemus’s malicious prosecution claim, the majority begins by impermissibly relying on a document outside of the pleadings — the court order dismissing Ohnemus’s criminal case pending payment of restitution. Although the order is a public record, we generally do not consider such evidence on a motion to dismiss “[w]here the evidence captures only part of the incident and would provide a distorted view of the events at issue.” Jones v. City of Cincinnati, 521 F.3d 555, 562 (6th Cir.2008); see, e.g., Mediacom Se. LLC v. BellSouth Telecomm., Inc., 672 F.3d 396, 400 (6th Cir.2012); Passa v. City of Columbus, 123 Fed.Appx. 694, 697 (6th Cir.2005). Such is the case here — Ohne-mus argued that the reference to “restitution” in the order was “misnamed” and “the agreement was obtained by unfair means.” R. 10 (Resp. Mot. to Dismiss at 10-11) (Page ID # 105-06). The majority then compounds the problem by failing to apply Town of Newton v. Rumery, 480 U.S. 386, 107 S.Ct. 1187, 94 L.Ed.2d 405 (1987), and Coughlen v. Coots, 5 F.3d 970 (6th Cir.1993), which instruct courts to scrutinize agreements to dismiss criminal charges in exchange for a criminal defendant’s promise not to pursue a civil action. Even accepting the dismissal order, Ohne-mus’s criminal charges were dismissed with prejudice-rendering him not guilty of those charges-upon his payment of $22,980 to the Pulaski County Sheriff, Thompson’s employer and party to a civil contract gone bad worth $22,980. See Rumery, 480 U.S. at 401, 107 S.Ct. 1187 (“No court would knowingly permit a prosecutor to agree to accept a defendant’s plea to a lesser charge in exchange for the defendant’s cash payment to the police officers who *871 arrested him”) (O’Connor, J., concurring). Given this, and the “disturbing abuse of power” alleged in the complaint, R. 12 (D. Ct. Order at 7) (Page ID # 129), a Rum-ery/Coughlen analysis was warranted, and Ohnemus should be given the opportunity to present evidence demonstrating that any agreement was obtained through unfair means. See Coughlen, 5 F.3d at 974 (“[AJgreements should be scrutinized closely in eases where substantial evidence supports an allegation of police misconduct, in view of the potential for abuse of release-dismissal agreements by law enforcement officials.”).
The majority also mistakenly affirms dismissal of Ohnemus’s defamation claim. Like the district court, the majority accepts that Ohnemus’s allegation that Thompson published false statements to “third persons, both in the public records of the District Court of Pulaski County, as well as republication in the news media,” R. 1 (Complaint at 7) (Page ID # 7), means only that Thompson published the false statements in court filings and the news media republished those statements by reporting on the court filings. It then affirms dismissal because “Ohnemus fails to assert any specific facts” supporting any other reading. But the majority’s reading turns on its own definition of “republished” (simply, that the news media reported on the judicial proceedings), rather than viewing the complaint “in the light most favorable” to Ohnemus and drawing all reasonable inferences in his favor as we must. Rondigo, L.L.C. v. Twp. of Richmond, 641 F.3d 673, 680 (6th Cir.2011). Indeed, “republication,” a term of art, occurs “where the defendant edits and retransmits the defamatory material, or distributes the defamatory material for a second time with the goal of reaching a new audience.” Salyer v. S. Poverty Law Ctr., Inc., 701 F.Supp.2d 912, 916 (W.D.Ky.2009) (emphasis added) (citing as examples “publishing a second edition [of] a book or periodical, editing and republishing defamatory material, or placing it in a new form”) (internal quotation marks omitted); In re Philadelphia Newspapers, LLC, 690 F.3d 161, 174 (3d Cir.2012), cert. dismissed, — U.S. -, 133 S.Ct. 1001, 184 L.Ed.2d 777 (2013) (“Republishing material” means “editing and reissuing material, or placing it in a new form that includes the allegedly defamatory material”). So Ohnemus has plausibly alleged that Thompson himself republished new false statements to the news media “with the goal of reaching a new audience.” Salyer, 701 F.Supp.2d at 916; see also Keys v. Humana, Inc., 684 F.3d 605, 608 (6th Cir.2012) (“Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests.”) (quoting Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)). In any event, the majority’s basis for dismissal is essentially its own creation — Thompson did not develop this argument on appeal, and the district court did not rely on this as a basis for dismissing the defamation claim. R. 12 (D. Ct. Order at 5-7) (Page ID # 127-29). So, at the very least, we should remand to allow Ohnemus to attempt to plead additional facts to support his defamation claim.
Based on the above, I respectfully dissent from the majority opinion approving the dismissal of the complaint under Rule 12(b)(6), and would REVERSE the judgment of the district court and REMAND for further proceedings.