**ALD-245**                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1800
_____

BILLY RAY SMITH,
                                         Appellant
v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No.11-00221)
District Judge:  Honorable John E. Jones, III
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 2, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed: August 10, 2012)
_____

OPINION
_____

PER CURIAM.

   Billy Ray Smith, a prisoner formerly housed at the Low Security Allenwood

Federal Correctional Institution ("FCI-Allenwood"), appeals from an order of the United

States District Court for the Middle District of Pennsylvania dismissing his complaint for

1

failure to state a claim. For the reasons below, we will summarily affirm the District Court's order.

## I.

Smith, a federal prisoner filing *pro se*, brought suit under the Federal Torts Claim Act, 28 U.S.C. §§ 1346(b), and 2671–2680 ("FTCA"). Smith alleges that, during his confinement at FCI-Allenwood, the United States infected him with Hepatitis-C. According to the complaint, in early 2010 a medical technician—who was acting as an agent for the United States—used syringes contaminated with Hepatitis-C to draw Smith's blood, causing him to contract the virus. Smith alleges that the United States intentionally infected him as part of an experiment to which he did not consent, similar to the syphilis experiments conducted by the United States Public Health Service in Guatemala in the 1940s and to the infamous Tuskegee experiment. In the alternative, Smith alleges the infection was the result of negligence. Smith also alleges that the United States transferred him to another facility in order to interfere with this lawsuit, in violation of his First Amendment rights.

Approximately six months after Smith first filed suit, the Defendant moved to dismiss Smith's complaint under Federal Rule of Civil Procedure 12(b)(6). The Defendant argued, among other things, that Smith failed to comply with Pennsylvania Rule of Civil Procedure 1042.3(a), which requires him to file a Certificate of Merit ("COM") to proceed on his negligence allegation that a medical technician deviated from an acceptable professional standard. The Magistrate Judge conducted an analysis of

2

Smith's claims and agreed with the Defendant that Smith's medical negligence claim failed because he did not comply with state law requiring a COM. The Magistrate Judge also concluded that Smith could not bring a constitutional tort claim against the United States under the FTCA and that the FTCA provision creating liability for assault is not applicable in this instance. Accordingly, the Magistrate Judge issued a Report & Recommendation ("R&R") recommending that the case be dismissed with an opportunity to amend. The District Court adopted the R&R and granted the Defendant's Motion to Dismiss, dismissing the case without prejudice and providing Smith with twenty days to amend his complaint. Instead of amending the complaint, Smith appealed.

## II.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's decision to grant a motion to dismiss. DeHart v. Horn, 390 F.3d 262, 272 (3d Cir. 2004); see also Newell v. Ruiz, 286 F.3d 166, 167 n.2 (3d Cir. 2002) (considering New Jersey's "affidavit of merit" requirement).

## III.

---

[1] Generally, "an order which dismisses a complaint without prejudice is neither final nor appealable . . . ." Borelli v. City of Reading, 532 F.2d 950, 951–52 (3d Cir. 1976) (per curiam). Such an order becomes final and appealable, however, if the plaintiff declares his intention to stand on the complaint. Id. When the District Court has provided a set amount of time within which to amend, and the plaintiff does not do so, the court may conclude that the plaintiff has elected to stand on his complaint. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992). Here, the District Court gave Smith twenty days to amend his complaint. Instead of amending his complaint, Smith appealed. The twenty-day amendment period has concluded. Accordingly, Smith elected to stand on his complaint and this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

We agree with the District Court's decision to dismiss Smith's FTCA claim for medical negligence because he failed to file a COM. The FTCA requires a court to apply the tort laws of the state in which the alleged tort arose. Gould Elec. Inc. v. United States, 220 F.3d 169, 179 (3d Cir. 2000). Here, the alleged tort of medical malpractice occurred in Pennsylvania and Pennsylvania's law applies. Pennsylvania law requires a plaintiff alleging medical malpractice to file a COM.[2] The certificate must attest either that an appropriate licensed professional supplied a written statement that there exists a reasonable probability that the care provided fell outside acceptable professional standards, or that expert testimony of an appropriate licensed professional is unnecessary. Pa. R. Civ. P. 1042.3(a)(1) & (3). This requirement is a substantive rule and applies even where, as here, the claim is brought in federal court. See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264–65 (3d Cir. 2011). Ignorance of the rule does not excuse failure to comply, even for a *pro se* plaintiff. See Hoover v. Davila, 862 A.2d 591, 594 (Pa. Super. Ct. 2004).

Smith did not file the required COM, nor did he make a substantial effort to comply with the rule or provide a reasonable excuse for failing to do so. Accordingly, the District Court properly dismissed his FTCA malpractice claim without prejudice. See

---

[2] To the extent Smith alleges ordinary negligence in addition to medical malpractice, the allegations fail to provide sufficient factual details to sustain that claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (stating that "[a] pleading that offers [merely] labels and conclusions" or "naked assertions devoid of further factual enhancement" does not satisfy federal pleading requirements) (quotation marks and citations omitted).

Bresnahan v. Schenker, 498 F. Supp. 2d 758, 762 (E.D. Pa. 2007); see also Womer v. Hilliker, 908 A.2d 269 (Pa. 2006).

## IV.

Smith's allegations that the United States experimented on him without his consent lack sufficient factual detail to sustain a claim. See Iqbal, 556 U.S. at 678. Because the intentional tort allegations fail on that basis we need not reach the issue of whether the FTCA would provide redress for those claims.

## V.

We agree with the District Court that the United States is not liable under the FTCA for money damages for suits arising out of constitutional violations. See Couden v. Duffy, 446 F.3d 483, 499 (3d Cir. 2006). Accordingly, the District Court properly rejected Smith's constitutional tort claims seeking monetary damages of one hundred million dollars.

## VI.

There being no substantial question presented by Smith's appeal, we will summarily affirm the District Court's order of March 8, 2012, which dismisses this case. To the extent Smith's Notice of Appeal incorporates a motion for appointment of counsel, that motion is denied.