RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 19a0278p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

DENNIS GALLIVAN,

*Plaintiff-Appellant*,

*v.*

No. 18-3874

UNITED STATES OF AMERICA,

*Defendant-Appellee*.

───────────────

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 4:18-cv-00545—Benita Y. Pearson, District Judge.

Argued: October 23, 2019

Decided and Filed: November 7, 2019

Before: CLAY, THAPAR, and NALBANDIAN, Circuit Judges.

───────────────

## COUNSEL

**ARGUED:** William T. Marks, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, Washington, D.C., for Appellant. Ruchi Asher, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee. **ON BRIEF:** William T. Marks, PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP, Washington, D.C., Melina M. Meneguin Layerenza, Aaron J. Marks, WHARTON & GARRISON LLP, New York, New York, for Appellant. Ruchi Asher, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee. Raymond V. Vasvari, Jr., VASVARI & ZIMMERMAN, Cleveland, Ohio, Patrick Kasson, REMINGER CO., LPA, Columbus, Ohio, for Amici Curiae. Dennis Gallivan, Lisbon, Ohio, pro se.

_____

**OPINION**

_____

THAPAR, Circuit Judge.  Have you ever waited hours in line at the DMV, only to be told once you got to the front that you didn't have the right paperwork?  That might be how Dennis Gallivan felt about his lawsuit, which was dismissed because he didn't file a specific affidavit. The upside for Gallivan?  The district court shouldn't have applied the state rule that required the affidavit.  So we vacate and remand for further proceedings.

I.

While in federal prison in Ohio, Gallivan had surgery.  Only things did not go as planned. According to Gallivan, the surgery left him permanently disabled and the Bureau of Prisons was to blame.  Gallivan complained to the BOP.  But the Bureau found no evidence that its employees had done anything wrong.

So Gallivan sued the United States in federal district court.  He alleged that the BOP had been negligent and that the United States was liable for that negligence under the Federal Tort Claims Act ("FTCA"), which is a limited waiver of sovereign immunity.  28 U.S.C. § 1346(b)(1).  Yet Gallivan's suit didn't last long.  The district court believed Ohio Civil Rule 10(D)(2) governed.  That rule requires a person alleging medical negligence to include a medical professional's affidavit stating that the claim has merit (what the Ohio Rule calls an "affidavit of merit").  Since Gallivan didn't include an affidavit with his complaint, the district court dismissed his case.  He now appeals, arguing that Ohio Rule 10(D)(2) doesn't apply in federal court.

II.

The first question we must ask is whether the Federal Rules of Civil Procedure answer the question in dispute:  does someone need an affidavit of merit to state a claim for medical negligence?  *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) (majority opinion).  In other words, do the Federal Rules answer "the same question" as

the state rule?  If the Federal Rules answer that question, we then must ask whether the Federal Rules are valid under the Constitution and the Rules Enabling Act.  *See id.*  If the answers to both those questions are yes, then our work is done.  We apply the Federal Rules, not Ohio Rule 10(D)(2).

## A.

For the first question, the Federal Rules provide a clear answer:  no affidavit is required to state a claim for medical negligence.  Under Rule 8(a), which provides the general rules of pleadings, a complaint must include (1) a short and plain jurisdictional statement, (2) a short and plain statement of the claim, and (3) an explanation of the relief sought.  Fed. R. Civ. P. 8(a).  That's it.  By listing these elements, Rule 8 implicitly "excludes other requirements that must be satisfied for a complaint to state a claim for relief."  *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1352 (11th Cir. 2018) (citing Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 10, at 107 (2012)); *cf. Shady Grove*, 559 U.S. at 401 (majority opinion) ("Rule 23 permits all class actions that meet its requirements, and a State cannot limit that permission by structuring one part of its statute to track Rule 23 and enacting another part that imposes additional requirements.").  Rule 8 does not require litigants to file any affidavits.

Nor does Rule 12.  A complaint survives a motion to dismiss under Rule 12(b)(6) by simply alleging facts "sufficient to state a claim to relief that is plausible on its face."  *Majestic Bldg. Maint., Inc. v. Huntington Bancshares Inc.*, 864 F.3d 455, 458 (6th Cir. 2017) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Rule 12 does not demand "evidentiary support"—in an affidavit or any other form—for a claim to be plausible.  *Klocke v. Watson*, 936 F.3d 240, 246 (5th Cir. 2019).  Even without an affidavit, a complaint can move beyond the pleading stage and into discovery.

And Rule 9 confirms the point by specifying the few situations when heightened pleading *is* required—for instance, when a party alleges fraud or mistake.  Fed. R. Civ. P. 9(b).  Since none of those heightened requirements apply here, Rule 8's more liberal pleading standards govern.  *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S.

163, 168 (1993).  To impose a heightened pleading standard in Gallivan's case would upset the careful balance struck by the Federal Rules.

In short, the Federal Rules answer the question in dispute:  Gallivan did not have to file an affidavit with his complaint to state a claim.

## B.

Since the Federal Rules answer the question in dispute, we also must ask whether the relevant Rules are valid under the Constitution and the Rules Enabling Act.  Luckily, this question is easy to answer since the government does not even argue that the Federal Rules are invalid.  And for good reason.  The Federal Rules are presumptively valid.  *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 6 (1987).  Indeed, "the Supreme Court has rejected every challenge to the Federal Rules that it has considered under the Rules Enabling Act." *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1336 (D.C. Cir. 2015).  So we have no reason to doubt the validity of the Federal Rules at issue here.

In sum, the district court should have applied the Federal Rules, not Ohio Rule 10(D)(2).

## III.

How does the government try to get around this straightforward analysis?  It offers two basic arguments:  (1) that we shouldn't perform conflict analysis and (2) that even if we do, Ohio Rule 10(D)(2) doesn't conflict with the Federal Rules.

## A.

The government first argues that conflict analysis doesn't apply in FTCA cases.  To start, the government reasons that courts should apply *all* state rules that qualify as substantive under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), even if doing so would conflict with otherwise valid and applicable Federal Rules.  But that argument fails for three reasons.

*First*, although substantive state law governs the *merits* of a FTCA claim, the Federal Rules govern *procedural* issues.  How do we know this?  The FTCA (as originally enacted) expressly said that courts should apply the Federal Rules.  *See United States v. Yellow Cab Co.*,

340 U.S. 543, 553 n.9 (1951).  And while Congress later omitted this express language, it did so because it thought the language "unnecessary." *Id.*  After all, Rule 1 states that the Federal Rules apply in basically *all* civil actions in federal court (the few exceptions are not relevant here).  A FTCA action is a civil action in federal court.  So the Federal Rules apply.**[1]**

*Second*, a Federal Rule (if valid) displaces inconsistent state law.  *Hanna v. Plumer*, 380 U.S. 460, 471 (1965).  Why?  Because the Supremacy Clause says as much.  *See* U.S. Const., art. VI, cl. 2; *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 310 (7th Cir. 1995).  The Federal Rules have the same status as any other federal law under the Supremacy Clause.  *See Am. Fed'n of Musicians v. Stein*, 213 F.2d 679, 686 (6th Cir. 1954).  As a result, the government's argument that Ohio Rule 10(D)(2) is substantive under *Erie* makes no difference.  *See* Bradford R. Clark, Erie*'s Constitutional Source*, 95 Calif. L. Rev. 1289, 1311 (2007).  All that matters is that there is a conflict (check) and a valid Federal Rule (check again).

*Third,* the government's argument would effectively displace Congress's power "to prescribe housekeeping rules for federal courts."  *Hanna*, 380 U.S. at 473.  That some of those federal rules may conflict with their state counterparts matters little.  Our judicial systems are not meant to be identical.  *Id.*  Besides, it doesn't make sense for federal courts to have one system of procedural rules in diversity cases and another in FTCA cases—at least absent clear instructions to the contrary.  And we have no such instructions here.

The government also argues we shouldn't do conflict analysis because (it says) that would expose the United States to greater liability than a similarly situated private individual.  If true, that would be a problem since the FTCA says the United States may be held liable only "in the same manner and to the same extent as a private individual."  28 U.S.C. § 2674.  Fortunately, the Federal Rules do nothing to change the scope of the government's *liability*.  With or without

---

**[1]**Indeed, we have often recognized that federal procedural law applies in FTCA cases.  *See, e.g.*, *Kennedy v. United States Veterans Admin.*, 526 F. App'x 450, 454 (6th Cir. 2013) ("[S]tate substantive limitations, unlike some procedural hurdles, apply to suits brought against the United States under the FTCA."); *Chomic v. United States*, 377 F.3d 607, 611 (6th Cir. 2004) ("[S]tate law determines whether there is an underlying [FTCA] cause of action; but federal law defines the limitations period and determines when that cause of action accrued." (citation omitted)); *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) ("While state substantive law governs the resolution of [plaintiff's FTCA] claims, federal procedural law governs the manner in which they are resolved on a summary judgment motion.").

the Federal Rules, the elements for proving liability remain the same in a FTCA action because state law always supplies the rules of decision.  If the Federal Rules apply, district courts may dismiss fewer complaints as procedurally defective.  But that doesn't change the "manner" or "extent" of the government's liability.

Another provision in the FTCA says that the United States may be held liable only "under circumstances where . . . a private person . . . would be liable to the claimant in accordance with the law of the place where the [negligence] occurred."  *Id.* § 1346(b).  But that provision does not impliedly supplant the Federal Rules with state procedural law.  After all, "it would make no sense to interpret 'law of the place' in which the alleged tort occurred to incorporate the state's entire procedural code—a move that would involve a wholesale preemption of the Federal Rules of Civil Procedure, an aim not plausibly attributable to the [FTCA]." *Gipson v. United States*, 631 F.3d 448, 451 (7th Cir. 2011).

Nor does our reading of the FTCA conflict with *Richards v. United States*, 369 U.S. 1 (1962).  That case addressed whether the FTCA incorporates state choice-of-law rules.  In saying that it did, the Supreme Court held that the FTCA "requires application of the *whole law* of the State where the act or omission occurred."  *Id.* at 11 (emphasis added).  But that meant only that federal courts had to apply a state's choice-of-law rules, not just its internal law.  *Richards* never considered whether the FTCA *also* incorporates state procedural rules that conflict with the Federal Rules.  And the government's suggestion that the decision impliedly resolved the latter issue is unpersuasive.  Indeed, just a few years earlier, the Supreme Court had said that the FTCA "expressly" requires courts to use the Federal Rules.  *United States v. Reynolds*, 345 U.S. 1, 6 (1953) (citing *Yellow Cab Co.*, 340 U.S. at 553).

B.

In the alternative, the government argues Ohio Rule 10(D)(2) does not conflict with the Federal Rules.

The government first suggests that Ohio Rule 10(D)(2) is an element of the underlying medical-negligence claim, not a pleading requirement.  But the Ohio Supreme Court, the author and authoritative interpreter of the Rule, has expressly rejected that possibility.  That court has

read the "explicit text" of Ohio Rule 10(D)(2) as placing "a heightened pleading requirement" on parties bringing medical-negligence claims. *Fletcher v. Univ. Hosps. of Cleveland*, 897 N.E.2d 147, 150 (Ohio 2008). If a complaint lacks the "required" affidavit, the court has said, it suffers from a "pleading deficiency" and may be dismissed. *Manley v. Marsico*, 876 N.E.2d 910, 912 (Ohio 2007); *see Fletcher*, 897 N.E.2d at 150.

True, the Ohio Supreme Court once used the words "prima facie case" (in passing) in a case that discussed the Ohio Rule. *Fletcher*, 897 N.E.2d at 150. According to the government, this stray remark means that the affidavit requirement is an *element* of the claim. But the Ohio Supreme Court cannot modify substantive rights through procedural rules. *See* Ohio Const. art. IV, § 5(B). And if Ohio Rule 10(D)(2) added an element to a medical-negligence claim, it would do just that. The Ohio Supreme Court also made clear (in the very case cited by the government) that Rule 10(D)(2) is a pleading requirement that does *not* go to the merits of a medical-negligence claim. *See Fletcher*, 897 N.E.2d at 150. Thus, Ohio Rule 10(D)(2) creates a heightened pleading requirement. Nothing more.

The government also cites various federal cases to show the lack of conflict. For instance, it points to the Seventh Circuit's opinion in *Hahn v. Walsh*, 762 F.3d 617 (7th Cir. 2014). There, the Seventh Circuit concluded that a similar state affidavit requirement did not conflict with Rule 8 because both rules could coexist without conflict and because the rules serve different purposes. *Id.* at 630–33.

*Hahn* might well be distinguishable. Under Illinois law, the affidavit of merit is not part of the complaint and "says nothing about the contents" of the complaint. *Id*. at 631 (citing *Garrison v. Choh*, 719 N.E.2d 237, 240, 243–44 (Ill. App. Ct. 1999)). Under Ohio law, by contrast, the affidavit of merit *is* part of the complaint. Ohio Civ. R. 10(C). Thus, *Hahn* carries little persuasive weight here.

What's more, *Hahn* conflicts with *Shady Grove*. In *Shady Grove*, the Supreme Court said that the relevant inquiry isn't whether the federal and state rules can coexist but whether the Federal Rules "answer[] the question in dispute" (as they do here). 559 U.S. at 398 (majority opinion). And *Shady Grove* emphasized that the purpose of the rules is irrelevant when the text

is clear (as it is here). *Id.* at 403. So *Hahn* reached the wrong answer because it asked the wrong questions.

The government also points to a slew of precedent from this circuit holding that similar affidavit-of-merit requirements apply in federal court. *See Burns v. United States*, 542 F. App'x 461 (6th Cir. 2013) (per curiam); *Ayala v. United States*, No. 12-5474, 2013 U.S. App. LEXIS 26330 (6th Cir. Jan. 10, 2013); *Daniels v. United States*, No. 11-5009, 2011 WL 13202357 (6th Cir. Oct. 7, 2011). But these decisions are unpublished and thus not binding. And for what it's worth, the decisions did not even ask whether the particular affidavit requirements conflicted with the Federal Rules. So the cases are not even persuasive.

Nor do any of the government's other out-of-circuit decisions help because they (1) either predate *Shady Grove* or ignore it, (2) don't address Rule 12, and (3) don't offer a satisfactory response to the clear conflict between the federal pleading rules and the state affidavit-of-merit requirement. *See Smith v. United States*, 498 F. App'x 120 (3d Cir. 2012); *Swails v. United States*, 406 F. App'x 124 (9th Cir. 2010); *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111 (10th Cir. 2004). In the end, the government has offered no good reason to think that Ohio Rule 10(D)(2) applies in federal court.

\*\*\*

The district court erred when it dismissed Gallivan's complaint because Ohio Rule 10(D)(2) does not apply to his case. We therefore **VACATE** the judgment and **REMAND** for further proceedings consistent with this opinion.