NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0501n.06

No. 19-6308

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

DEBRA BRUSCH, )
)
    Plaintiff-Appellant, )
)
v. )
)
UNITED STATES OF AMERICA, et al., )
)
    Defendants-Appellees. )
)

**FILED**
Aug 26, 2020
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE MIDDLE
DISTRICT OF TENNESSEE

BEFORE: GILMAN, BUSH, and READLER, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Debra Brusch, on behalf of her deceased husband Robert Brusch, brought this medical-malpractice action against the Veteran's Administration hospital ("VA"), the Department of Veteran's Affairs, and the United States. She alleged that physicians at the VA failed to treat her husband's enlarged spleen, which ultimately led to his death. Mrs. Brusch sued in federal court under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) ("FTCA"), alleging a single count of medical malpractice. The district court dismissed her claim because she failed to file a certificate of good faith with her complaint, as required by the Tennessee Health Care Liability Act, Tenn. Code Ann. § 29-26-122 ("THCLA"). After the district court entered judgment against Brusch, but before this appeal, we held that a similar requirement under Ohio's Rules of Civil Procedure to file a certificate of good faith in medical-malpractice actions does not apply in federal court. *See Gallivan v. United States*, 943 F.3d 291, 294 (6th Cir. 2019). Brusch did not cite *Gallivan* in her regular briefing or make any

argument to the district court similar to the reasoning of *Gallivan*. She addressed the impact of *Gallivan* on this case only in a supplemental brief after being requested to do so by the court. Plain-error review applies to this issue because it was not raised in the principal briefing or in the district court. Brusch did, however, properly raise the claim that the good-faith certificate requirement should not apply in her case and that she should be allowed to amend her complaint, so we review that argument de novo. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I.

Mr. Brusch was under the care of the VA in Nashville, Tennessee from 2008 to 2016. In 2010, he was diagnosed with a moderately enlarged spleen, for which he received no treatment. In 2014, he was diagnosed with hypersplenism, a condition that can lead to cirrhosis of the liver and other significant complications. Despite these diagnoses, Mrs. Brusch alleges that her husband received no treatment and that he died from complications reasonably traceable to his enlarged spleen.

Mrs. Brusch originally filed an administrative complaint with the VA on June 4, 2018. After the VA failed to respond, she filed a complaint in the United States District Court for the Middle District of Tennessee. In that complaint, she alleged that Dr. Silva-Hale, a physician employed at the VA, diagnosed but did not treat Robert's enlarged spleen. Brusch also alleged that Dr. Silva-Hale's failure to treat Robert's enlarged spleen led to the conditions that ultimately brought about his death.

Under Tennessee law, "[i]n any health care liability action in which expert testimony is required by [Tennessee law], the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint." Tenn. Code Ann. § 29-26-122(a). Absent some exceptions not relevant here,

a plaintiff's failure to file a certificate of good faith requires dismissal with prejudice. *Id.* § 29-26-122(c).

Brusch failed to file such a certificate. Because of this failure, the district court dismissed Brusch's complaint, holding that "a health care liability action not accompanied by a certificate of good faith must, upon motion, be dismissed with prejudice." *Brusch v. United States*, No. 3-19-cv-00415, 2019 WL 5261105, at *1 (M.D. Tenn. Oct. 17, 2019) (citing Tenn. Code Ann. § 29-26-122(a), (c) and *Ellithorpe v. Weismark*, 479 S.W.3d 818, 829 (Tenn. 2015)). Brusch filed this timely appeal.

**II.**

Liability for suits brought under the FTCA is governed by state law. *Premo v. United States*, 599 F.3d 540, 545 (6th Cir. 2010). The FTCA directs us to apply the substantive law of Tennessee to Brusch's claims because that is where the alleged omission occurred. *See* 28 U.S.C. § 1346(b)(1) (granting jurisdiction to claims against the United States or its employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred").

But, as with all federal actions governed by state substantive law, federal law still governs the procedural aspects of the case. *Gallivan v. United States*, 943 F.3d 291, 294 (6th Cir. 2019) (noting that "although substantive state law governs the *merits* of a FTCA claim, the Federal Rules govern *procedural* issues); *see also* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions . . . ."). We recently held in *Gallivan* that a similar Ohio affidavit requirement could not be applied in federal court in a case brought under the FTCA. *See* 943 F.3d at 294.

Brusch failed to raise the argument that the good-faith affidavit requirement should not apply in federal court in her principal brief, and she presented the argument only at the request of

the panel, so we review for plain error. *See Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 493 n.4 (6th Cir. 2001). Under plain-error review, Brusch must show "(1) error (2) that 'was obvious or clear,' (3) that 'affected [her] substantial rights[,]' and (4) that 'affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (quoting *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)).

"An error is 'plain' when, at a minimum, it 'is clear under current law.'" *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)); *see also United States v. Woodruff*, 735 F.3d 445, 450 (6th Cir. 2013) (finding no plain error when "[a]t the time of the district court's decision, the law in this circuit consisted of [one] unpublished case").

Because the law was not clear at the time that the district court dismissed Brusch's complaint, the district court did not commit plain error by dismissing Brusch's complaint for failure to comply with the THCLA. The district court dismissed Brusch's complaint on October 17, 2019, and *Gallivan* was not decided until November 7, 2019. When the district court dismissed Brusch's complaint, the law in the Sixth Circuit was far from clear that the THCLA's good-faith affidavit requirement should not apply in federal court. At least three unpublished Sixth Circuit decisions, issued prior to the district court's ruling and before *Gallivan*, had construed the good-faith certificate requirement as substantive and applied the THCLA. *See, e.g.*, *Burns v. United States*, 542 F. App'x 461, 463–64 (6th Cir. 2013) (noting that "Section 29-26-122 is substantive Tennessee law applicable to FTCA cases which arise in that state"); *Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508, 511–12 (6th Cir. 2012) (stating that "[Plaintiff] asserts no reason for her failure to follow the [Tennessee notice and good-faith certificate] requirements, and

we cannot find any in the record. As such, we affirm the district court's dismissal of [Plaintiff's Tennessee Medical Malpractice Act] claim"); *Reed v. Speck*, 508 F. App'x 415, 422–23 (6th Cir. 2012) (holding that the "Appellants had the means to timely file a notice requirement and a certificate of good faith . . . and simply failed to do so" and therefore "[b]ecause Appellants have failed to demonstrate compliance with the mandatory Tennessee statute or show 'extraordinary cause' to excuse compliance, the district court properly held that Appellants failed to plead a claim for medical malpractice"). Therefore, it was not plainly erroneous for the district court to apply the THCLA's good-faith-certificate requirement to Brusch's suit.

Turning to the issues properly raised in Brusch's appeal, the district could did not err by dismissing Brusch's complaint with prejudice for failure to file a certificate of good faith with her complaint. The language of the THCLA is clear that "[i]f the certificate is not filed with the complaint, the complaint *shall be dismissed*." Tenn. Code Ann. § 29-26-122(a) (emphasis added). Upon motion, the action is subject to dismissal with prejudice. *Id.* at § 29-26-122(c). Absent two exceptions that do not apply here, such a failure to file a good-faith certificate requires dismissal with prejudice. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 310–12 (Tenn. 2012). Brusch's counsel conceded at oral argument that she neglected to file a certificate with the complaint. Therefore, upon motion, the action was subject to dismissal with prejudice.

Because the relevant caselaw actually favored the application of the THCLA at the time the district court dismissed Brusch's complaint, there was no plain error.[1]

## III.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

---

[1] We do not rule on the issue of whether Tennessee's good-faith-certificate requirement applies in federal court. That is a question better left for another day when the panel has the benefit of full briefing on the matter.

**CHAD A. READLER, Circuit Judge, concurring.** I concur in the dismissal of Brusch's malpractice claims. In reaching that conclusion, the majority opinion understandably references our recent decision in *Gallivan v. United States*, which, while addressing an Ohio procedural rule (not Tennessee law), arguably has some controlling force here. Maj. Opinion at 3; 943 F.3d 291 (6th Cir. 2019). In *Gallivan*, we used a diversity-jurisdiction framework to determine whether that Ohio procedural rule should apply in a federal forum. 943 F.3d at 293 (citing *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010)). The parties there apparently treated the case as one sitting in diversity, and we thus appear to have accepted that understanding. But as the FTCA served as the basis for our jurisdiction both here and there, the better approach to these cases seemingly would be to view them through the lens of federal question jurisdiction. 28 U.S.C. § 1346(b)(1) (granting the district courts exclusive jurisdiction over cases arising out of federal-government-employee negligence); *Luna v. United States*, 454 F.3d 631, 635 (7th Cir. 2006) ("The district court had subject-matter jurisdiction because [plaintiff] brought her claim under the FTCA, which is to say she presented the district court with a federal question."); *see also Jude v. Comm'r of Soc. Sec.*, 908 F.3d 152, 158 (6th Cir. 2018) ("State tort law provides the substance of a claim that gains its jurisdictional basis through the FTCA."). In that posture, we need not balance the competing interests between state and federal law like we do in diversity-jurisdiction cases. Rather, we simply apply federal substantive and procedural law.

One wrinkle here is the fact that the FTCA, the federal substantive law at issue, commands that we apply state substantive law in this otherwise federal setting. 28 U.S.C. § 1346(b)(1); *see also Premo v. United States*, 599 F.3d 540, 546 (6th Cir. 2010) (characterizing § 1346(b)(1) as a "choice of law" provision). So if the Tennessee good-faith certificate requirement is substantive, the FTCA demands we apply it in this proceeding. As the majority opinion again correctly

observes, however, we appropriately leave that question for another day. *See Williams v. United States*, 754 F. Supp. 2d 942, 948–53 (W.D. Tenn. 2010) (finding that Tennessee's good-faith certificate requirement is substantive and collecting cases holding that similar requirements are substantive). *But see Ellithorpe v. Weismark*, 479 S.W.3d 818, 825 (Tenn. 2015) ("While the 2008 and 2009 amendments to the Tennessee Medical Malpractice Act established new *procedural* requirements for plaintiffs seeking to file medical malpractice actions. . . .") (emphasis added).