FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JEFFERY S. MARTIN,
    *Plaintiff-Appellant,*

v.

PIERCE COUNTY, a Washington political subdivision; PIERCE COUNTY, Doe Correction Officers 1–10; NAPHCARE, INC., an Alabama corporation doing business in the State of Washington; MIGUEL BALDERRAMA, MD, in his official and individual capacity; JANEL FRENCH, LPN, in her official and individual capacity; IRINA HUGHES; NAPHCARE DOE EMPLOYEES, 1–10; in their individual and official capacities,
    *Defendants-Appellees.*

No. 21-35251

D.C. No.
3:20-cv-05709-BHS

OPINION

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted February 7, 2022
Seattle, Washington

Filed May 27, 2022

Before:  Jay S. Bybee and Morgan Christen, Circuit Judges,
and James V. Selna,[*] District Judge.

Opinion by Judge Selna

**SUMMARY**[**]

**Federal Rules of Civil Procedure**

The panel reversed the district court's dismissal of plaintiff's state medical malpractice claim for failing to file a declaration declining to submit the case to arbitration pursuant to Washington state law, and remanded.

Washington state law requires a plaintiff in a medical malpractice suit to elect or decline to submit a claim to arbitration at the time suit is commenced.  RCW 7.70A.020. If the plaintiff elects not to submit the dispute to arbitration, the plaintiff must meet the certain requirements, including filing a declaration at the time of commencing the action that the claimant elected not to submit the dispute to arbitration.

The panel held that Washington's state law declaration requirement conflicts with Federal Rules of Civil Procedure, specifically Rule 8's requirements of a short and plain statement of plaintiff's claim, jurisdictional statement and

---

[*] The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

explanation of the relief sought, and Rule 3, which requires only the filing of a complaint to commence an action—nothing more. Accordingly, the panel held that under *Hanna v. Plumer*, 380 U.S. 460, 470–74 (1965), the state rule did not apply in federal court.

## COUNSEL

Bardi D. Martin (argued), Boyle Martin Thoeny PLLC, Seattle, Washington, for Plaintiff-Appellant.

Ross C. Taylor (argued) and Jonathan D. Ballard, Fox Ballard PLLC, Seattle, Washington, for Defendants-Appellees.

## OPINION

SELNA, District Judge:

This case involves a single issue: does a Washington state law requiring a claimant to file a declaration declining to submit the case to arbitration when filing a medical malpractice suit apply in federal court?  We conclude that it does not.  Washington's declaration requirement conflicts with the Federal Rules of Civil Procedure.  Thus, under *Hanna v. Plumer*, 380 U.S. 460, 470–74 (1965), the state rule does not apply in federal court.  Because the district court mistakenly applied the state rule in Martin's case, we **REVERSE** and **REMAND**.

## I.  BACKGROUND

Plaintiff-Appellant Jeffrey Martin appeals the district court's dismissal of his state medical malpractice claim for failing to file a declaration declining to submit the case to arbitration pursuant to RCW 7.70A.020.

### 1.  RCW 7.70A.020

Washington requires a plaintiff in a medical-malpractice suit to elect or decline to submit a claim to arbitration at the time suit is commenced.  RCW 7.70A.020.  If the plaintiff does not elect to submit the dispute to arbitration, the plaintiff must meet the following requirements:

> (a) in the case of a claimant, the declaration must be filed at the time of commencing the action and must state that the attorney representing the claimant presented the

> claimant with a copy of the provisions of this chapter before commencing the action and that the claimant elected not to submit the dispute to arbitration under this chapter[.]

*Id.*

The Washington state legislature passed this requirement as part of a series of laws directed at curbing medical malpractice lawsuits. Since then, the Washington Supreme Court has struck down several similar provisions, including: (1) RCW 7.70.150 requiring plaintiffs to file a certificate of merit at the time of filing a suit (*see Putman v. Wenatchee Valley Med. Ctr., P.S.*, 216 P.3d 374, 379–80 (Wash. 2009) (invalidating 7.70.150 as violating the Washington constitution by unduly burdening the right of access to courts and jeopardizing the separation of powers between the legislature and judiciary); (2) RCW 4.16.190 eliminating tolling of the statute of limitations for minors in the context of medical malpractice claims (*see Schroeder v. Weighall*, 316 P.3d 482, 489 (Wash. 2014) (en banc) (invalidating RCW 416.190 as violating the privileges and immunities clause of the Washington constitution)); and (3) the 2007 revision of RCW 7.70.100 requiring plaintiffs to give medical malpractice defendants 90-days' notice prior to filing suit (*see Waples v. Yi*, 234 P.3d 187, 188–89 (Wash. 2010) (en banc) (invalidating RCW 7.70.100 as violating the separation of powers under Washington's constitution)). To date, no Washington appellate court has considered RCW 7.70A.020.

### 2. *Factual Allegations*

Because the district court resolved this case on a motion to dismiss, we assume the truth of the facts as set out in the

complaint. *See Wojciechowski v. Kohlberg Ventures, LLC*, 923 F.3d 685, 688 n.2 (9th Cir. 2012).

In March 2017, Martin was charged with and pleaded guilty to driving under the influence and related offenses and was remanded to serve his sentence for that infraction and deferred sentences on prior charges. Upon beginning his incarceration at Pierce County Detention Center, Martin's vision was "better than 20/20, and he had no history of eye ailments." But within two months, Martin began experiencing severe pain, dryness, and itchiness in his eyes for which he requested medical attention. Defendants waited several days to examine Martin's eyes and several more days before providing him with over-the-counter eye drops. Martin's eye condition progressively worsened and he was ultimately diagnosed with severe ocular hypertension.

Despite knowing of Martin's medical needs, Defendants denied him adequate medical care while he was detained at the Pierce County Detention and Corrections Center. As a result, Martin suffered permanent damage to his vision.

### 3.  Procedural Background

Based on these allegations, Martin filed a lawsuit in the United States District Court for the Western District of Washington, asserting two claims: (1) a 42 U.S.C. § 1983 claim for violation of his Eighth Amendment rights, and (2) a state tort claim for medical malpractice arising under Washington law. Martin brought these claims against Defendants Pierce County, John Doe corrections officers, Miguel Balderrama, MD, NaphCare Inc., Irina Hughes, NP, and Janel French, LPN. Martin did not file a declaration

electing or declining to submit his dispute to arbitration in accordance with RCW 7.70A.020(2).

Defendants NaphCare, Inc., Irina Hughes, NP, and Janel French, LPN (collectively, "Appellees") subsequently moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). In part, Appellees argued that Martin's state medical malpractice claim should be dismissed for failure to comply with RCW 7.70A.020, the Washington state law requiring that a plaintiff elect or decline arbitration when commencing a medical malpractice claim. In response, Martin filed a First Amended Complaint, thereby mooting portions of Appellees' then-pending motion to dismiss. Appellees then answered Martin's First Amended Complaint.

On March 4, 2021, the district court granted Appellees' motion, dismissing Martin's state medical negligence claims for failing to comply with RCW 7.70A.020. Finding no reason for delay, the district court entered final judgment as to Martin's medical malpractice claim under Fed. R. Civ. P. 54(b). Martin timely appealed.

## II. JURISDICTION AND STANDARD OF REVIEW

The district court had original jurisdiction over Martin's § 1983 claim under 28 U.S.C. § 1331 and 28 U.S.C. § 1343, and supplemental jurisdiction over his state medical malpractice claim under 28 U.S.C. § 1367(a). Because the district court entered partial final judgment under Rule 54(b), we have jurisdiction to review the district court's dismissal of Martin's medical malpractice claim under 28 U.S.C. § 1291. *See Jewel v. NSA*, 819 F.3d 622, 627–28 (9th Cir. 2015).

We review *de novo* a district court's order granting a motion to dismiss. *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 969 (9th Cir. 2017).

## III. DISCUSSION

To determine whether RCW 7.70A.020 applies in this action, we employ a multistep choice-of-law analysis. First, under *Hanna v. Plumer*, we decide whether the state law conflicts with a valid Federal Rule of Civil Procedure. 380 U.S. 460, 470–74 (1965). In other words, we determine whether the Federal Rules answer the "same question" as the state rule. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398–99 (2010); *see also Hanna*, 380 U.S. at 470–74.

If the Federal Rules do conflict with the state law, they control unless the Federal Rule is invalid under the Constitution or Rules Enabling Act. *Shady Grove*, 559 U.S. at 398. To determine whether a federal rule applies under the Rules Enabling Act and relevant constitutional standards, we ask whether the federal rule is a "general rule[] of practice and procedure" that does "not abridge, enlarge or modify any substantive right" and is "procedural in the ordinary use of the term." *Shady Grove*, 559 U.S. at 418, 423 (Stevens, J., concurring in part and concurring in the judgment) (citation omitted).

If the Federal Rules do not answer the same question as the state rule, the Court follows the *Erie* doctrine to determine which law applies. *Id.* at 468.

## A. Washington's Declaration Requirement Conflicts with Federal Rules

We first consider whether the Federal Rules of Civil Procedure answer the same question as RCW 7.70A.020: whether a plaintiff must file a declaration electing or declining arbitration when filing a medical malpractice suit. *See Shady Grove*, 559 U.S. at 398–99. There are multiple Federal Rules that provide an answer to this question.

### 1. Rule 8

Federal Rule of Civil Procedure 8(a) ("Rule 8") provides that a pleading must include: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a).

While federal circuit courts have not yet addressed a declaration requirement exactly like Washington's, various cases involving state "certificate-of-merit" requirements provide a useful analogy. Although certificate-of-merit requirements vary in their details, they generally require plaintiffs to file a declaration with the pleadings containing some reassurance, usually by an expert, that the claim has merit. *See, e.g.*, *Corley v. United States*, 11 F.4th 79, 85 (2d Cir. 2021) (describing Connecticut's requirement that medical malpractice claimants "must affix to the complaint 'a certificate . . . [stating] that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action" and "must also attach 'a written and signed opinion of a similar health care provider . . . that there appears to be evidence of medical negligence' along with a 'detailed basis for the

formation of such opinion'") (quoting Conn. Gen. Stat. § 52-190a(a)). Many states have passed such "certificate-of-merit" or "affidavit-of-merit" requirements for malpractice claims. In fact, the Washington state legislature imposed its own requirement that plaintiffs in medical malpractice claims must submit a certificate of merit when they file suit. *See Putman v. Wenatchee Valley Med. Ctr., P.S.*, 216 P.3d 374, 376 (Wash. 2009). However, that requirement was subsequently invalidated by the Washington Supreme Court. *Id.* (holding that Washington's certificate-of-merit requirement violated the Washington constitution because it unduly burdened the right of access to the courts and violated the separation of powers doctrine). The legislature passed this pre-filing requirement as part of the same series of laws directed at curbing medical malpractice lawsuits that includes RCW 7.7A.020.

But there is a "growing consensus" among federal circuit courts that such certificate requirements do not govern actions in federal court, because they conflict with and are thus supplanted by the Federal Rules of Civil Procedure. *Pledger v. Lynch*, 5 F.4th 511, 518 (4th Cir. 2021) (holding that West Virginia's pre-suit certification requirement did not govern actions in federal court because it conflicted with and was thus supplanted by Rules 8, 9, 11, and 12) (citing *Gallivan v. United States*, 943 F.3d 291, 294 (6th Cir. 2019) (holding that Ohio's certificate-of-merit requirement was incompatible with Rules 8, 9, and 12 of the Federal Rules of Civil Procedure and thus unenforceable in federal court)); *Young v. United States*, 942 F.3d 349, 351 (7th Cir. 2019) (holding that a complaint could not be dismissed because it lacked an affidavit and report as required by Illinois law, because to the extent that it was a rule of procedure, it gave way to Rule 8 of the Federal Rules of Civil Procedure); *see also Corley*,

11 F.4th at 88–89 (holding that Connecticut's certificate of merit requirement did not apply in federal court because it was in "direct contrast" to the notice pleading standard of Rule 8); *Albright v. Christensen*, 24 F.4th 1039, 1048–49 (6th Cir. 2022) (holding that Michigan's affidavit-of-merit and presuit-notice requirements do not apply in federal court as they were displaced by Rules 3, 8(a), 9, 11, and 12(b)(6) of the Federal Rules of Civil Procedure). While courts identified conflicts with various Federal Rules, in each case they describe conflict with Rule 8.

Appellees argue that the courts' reasoning in the cases rejecting certificate-of-merit requirements is distinguishable and inapplicable to RCW 7.7A.020. Some earlier cases concluded that laws requiring statements of expert support for medical malpractice claims sought evidentiary material that exceeded the notice pleading standard. *See Baird v. Celis*, 41 F. Supp. 2d 1358 (N.D. Ga. 1999); *Boone v. Knight*, 131 F.R.D. 609, 611 (S.D. Ga. 1990); *Braddock v. Orlando Reg'l Health Care Sys.*, 881 F. Supp. 580, 584 (M.D. Fla. 1995)). However, the recent circuit court opinions to consider the issue have applied a different line of reasoning. For example, the Fourth Circuit in *Pledger* explained that Rule 8's requirement of a "short and plain statement" of the plaintiff's claim, jurisdictional statement, and explanation of the relief sought is "a list of elements that 'implicitly excludes other requirements.'" 5 F.4th at 519. Similarly, the Sixth Circuit explained in *Gallivan* that "[b]y listing these elements, Rule 8 implicitly 'excludes other requirements that must be satisfied for a complaint to state a claim for relief.'" *Gallivan*, 943 F.3d at 293 (citing *Carbone v. Cable News Network*, 910 F.3d 1345, 1352 (11th Cir. 2018)); *Pledger*, 5 F.4th at 519 (accord). Likewise, the Seventh Circuit explained in *Young* that Rule 8 "does not require

attachments" as shown by the fact that "[o]ne can initiate a contract case in federal court without attaching the contract, an insurance case without attaching the policy, a securities case without attaching the registration statement, and a tort case without attaching an expert's report." 942 F.3d at 351. Thus, it reiterated, "[s]upporting documents come later." *Id.* We agree. Rule 8's requirement of a "short and plain statement" of the plaintiff's claim, jurisdictional statement, and explanation of the relief sought is "a list of elements that 'implicitly excludes other requirements.'" *Pledger*, 5 F.4th at 519. As such, "Rule 8 does not require litigants to file *any* affidavits." *Gallivan*, 943 F.3d at 293 (emphasis in original).

The district court concluded that, unlike Rule 8, RCW 7.7A.020 is not a pleading requirement because "its purpose [is] to prevent litigation of frivolous medical malpractice actions rather than to provide notice of claims and defenses." *Martin v. Pierce Cty.*, No. C20-5709 BHS, 2021 WL 825377, at *2 (W.D. Wash. March 4, 2021). But as *Gallivan* explained, "*Shady Grove* emphasized that the purpose of the rules is irrelevant when the text is clear (as [Rule 8(a)] is here)." 943 F.3d at 296 (citing *Shady Grove*, 559 U.S. at 403). The relevant inquiry is not whether the federal and state rules share a purpose but whether the Federal Rules "answer[] the question in dispute." *Shady Grove*, 559 U.S. at 398.

Because Rule 8 answers the question in dispute, it displaces RCW 7.7A.020 in federal court.

## 2. Rule 3

Federal Rule of Civil Procedure 3 ("Rule 3") states, "[a] civil action is commenced by filing a complaint with the

court." Fed. R. Civ. P. 3. By that rule, the only requirement to commence an action is the filing of a complaint. *Albright* 24 F.4th at 1046 (6th Cir. 2022) ("[Rule 3] requires only the filing of a complaint to commence an action—nothing more."); *see also* 4 Charles Alan Wright, et al., Federal Practice and Procedure § 1052 (June 23, 2021 Update) ("In federal actions based on diversity of citizenship jurisdiction, federal courts apply state law to decide when a lawsuit was commenced for purposes of computing limitations periods . . . . Other than that, what constitutes filing under Rule 3 is governed by federal law.").

The Sixth Circuit recently considered a conflict with Rule 3 in *Albright v. Christensen*, 24 F.4th 1039 (6th Cir. 2022). The court held that Michigan claimants were not required to provide notice before filing a medical malpractice lawsuit because such a requirement directly conflicted with the Federal Rules. Regarding Rule 3, *Albright* explained, "[t]hat rule requires only the filing of a complaint to commence an action—nothing more." *Id.* at 1046. Thus, it concluded that Rule 3 "most obviously resolve[s] [the] disputed question" of "whether [a claimant] must supply presuit notice to file a lawsuit." *Id.* Accordingly, the Michigan pre-suit notice requirement "clearly conflict[ed]" with Rule 3 by "add[ing] steps to the process of commencing an action," and did not apply in federal court. *Id.* at 1047.

The Sixth Circuit's analysis is instructive. Like the presuit-notice requirement, RCW 7.70A.020 conflicts with Rule 3 by adding additional, procedural steps for commencing a suit beyond those that Rule 3 contemplates. *See* RCW 7.70A.020(2) ("In the case of a claimant, the declaration must be filed *at the time of commencing the action* and must state that the attorney representing the

claimant presented the claimant with a copy of the provisions of this chapter *before commencing* the actions and that the claimant elected not to submit the dispute to arbitration under this chapter.") (emphasis added). The Washington law not only requires a claimant to file a declaration when commencing an action, but it also adds a step before commencement—an attorney must present the claimant with a copy of the provisions in the chapter. This directly collides with Rule 3's requirement that an action *commences* with the filing of the complaint. *See* Fed. R. Civ. P. 3, Notes of Advisory Committee ¶ 4 ("[Rule 3] provides that the *first step in an action* is the filing of the complaint.") (emphasis added).

Nonetheless, the district court found that RCW 7.70A.020 does not conflict with Federal Rule of Civil Procedure Rule 3 because it concluded that, unlike Rule 3, the state law does "not bear on whether a complaint is considered filed and a suit commenced."[1] *Martin*, 2021 WL 825377, at *2. But Rule 3 governs *how* a lawsuit is commenced. *See* Fed. R. Civ. P. 3, Advisory Committee Notes (Rule 3 "governs the commencement of all actions"); *Albright v. Christensen*, 24 F.4th at 1047 ("Rule 3 govern[s] how a lawsuit is commenced"); 1 Moore's Fed. Prac. - Civil § 3.02 ("Rule 3

---

[1] Notably, the district court found that RCW 7.70A.020 likely conflicts with Washington Superior Court Rule 3(a) ("CR 3(a)"), a state-court rule governing when a suit is commenced. *Martin*, 2021 WL 825377, at *2. The court explained that "requiring an affidavit to accompany a complaint [likely] conflicts with the Washington Superior Court Civil Rules by adding an additional, procedural step beyond those contemplated by CR 3(a)." *Id.* But it is difficult to see how that conclusion is consistent with its finding that there was no conflict with Fed. R. Civ. P. 3.

establishes [a] uniform *method* of commencing [a] federal action") (emphasis added).  Under Washington's law, a claimant must file a declaration declining arbitration *when commencing* a medical malpractice claim.  This is in direct conflict with Rule 3's assertion that only the complaint must be filed to commence an action.

As RCW 7.70A.020 answers the "same question" as Rule 3, they directly conflict.

## B.  Rules 3 and 8 are Valid and Displace Washington's Declaration Requirement

In conclusion, RCW 7.70A.020 is inconsistent with Rules 3 and 8 of the Federal Rules of Civil Procedure. Rules 3 and 8(a) are both within Congress's constitutional rulemaking power and the statutory authorization provided by the Rules Enabling Act.  *Shady Grove*, 559 U.S. at 398–99; *see Gallivan*, 943 F.3d at 294 ("The Supreme Court has rejected every challenge to the Federal Rules that it has considered under the Rules Enabling Act.") (quoting *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1336 (D.C. Cir. 2015)).  Like the other courts to consider this issue, "we have no reason to doubt the validity of the Federal Rules at issue here."  *Id*.; *see also Pledger*, 5 F.4th at 521 (same); *Albright*, 24 F.4th at 1048 (same).

Thus, Washington's arbitration declaration requirement is displaced by those rules in federal court.  As there are valid, on-point Federal Rules of Civil Procedure, we need not "wade into *Erie*'s murky waters."  *Shady Grove*, 559 U.S. at 398 (Scalia, J.).  We hold that Washington's arbitration declaration requirement does not apply in the federal courts.

The district court should have applied the Federal Rules, not RCW 7.70A.020 in this case.

## IV.  CONCLUSION

The district court erred in dismissing Martin's malpractice claim because RCW 7.70A.020 does not apply in federal court.  We therefore **VACATE** the judgment and **REMAND** for further proceedings consistent with this opinion.

Martin shall have his costs on appeal.