**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: DAVID EDWARD MYERS; MARY ANN MYERS, Debtors, | No. 22-16615 |
| | D.C. No. 2:21-bk-11376-NMC |
| LVNV FUNDING, LLC, | |
| Appellant, | MEMORANDUM[*] |
| v. | |
| DAVID EDWARD MYERS; MARY ANN MYERS, | |
| Appellees. | |

Appeal from the United States Bankruptcy Court
for the District of Nevada
Natalie M. Cox, Bankruptcy Judge, Presiding

| | |
|---|---|
| In re: DAVID EDWARD MYERS; MARY ANN MYERS, | No. 22-60037 |
| | BAP No. 22-1005 |
| Debtors, | |
| ------------------------------ | |
| LVNV FUNDING, LLC | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellant,

v.

DAVID EDWARD MYERS; MARY ANN MYERS,

Appellees.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Brand, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted October 3, 2023
Las Vegas, Nevada

Before: RAWLINSON and OWENS, Circuit Judges, and FITZWATER,[**] District Judge.

Appellant LVNV Funding, LLC ("LVNV") filed a proof of claim in the Chapter 13 bankruptcy proceeding of Appellees David and Mary Myers ("the Debtors") using Official Form 410, which the bankruptcy court allowed over the Debtors' objection. The Bankruptcy Appellate Panel ("BAP") vacated and remanded the allowance order. On remand, based on the parties' stipulation and the BAP's decision, the bankruptcy court disallowed LVNV's claim. LVNV now appeals both the BAP's decision and the bankruptcy court's order disallowing the claim. We have jurisdiction under 28

---

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

U.S.C. § 158(d)(1) over the appeal from the BAP's decision, and under 28 U.S.C. § 158(d)(2)(A) over the appeal from the bankruptcy court's disallowance order.[1] We REVERSE the BAP's decision and the bankruptcy court's disallowance order and REMAND.[2]

1.     The BAP held (and the Debtors conceded) that LVNV's proof of claim complied with Fed. R. Bankr. P. 3001 and was therefore entitled to prima facie validity. But the BAP concluded that LVNV's claim must be disallowed under 11 U.S.C. § 502(b)(1) because the documentation LVNV provided was insufficient to enforce the debt under Nevada law, in that the proof of claim did not comply with Nevada procedural requirements set out in Nev. Rev. Stat. §§ 97A.160 and 97A.165 (collectively, the "Nevada laws"). The BAP erred in this holding, because the principles of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), dictate that federal procedural law—Rule 3001, in particular—governs the requirements for a proof of

---

[1] A motions panel of this court granted a petition for permission to appeal the bankruptcy court decision under 28 U.S.C. § 158(d).

[2] We review decisions of the BAP de novo. *In re Cellular 101, Inc.*, 539 F.3d 1150, 1154 (9th Cir. 2008). And we review questions of statutory interpretation, including interpretation of the Bankruptcy Code and state law, de novo. *See In re PG&E Corp.*, 46 F.4th 1047, 1052 (9th Cir. 2022); *Conestoga Servs. Corp. v. Exec. Risk Indem., Inc.*, 312 F.3d 976, 981 (9th Cir. 2002).

claim.[3]

Under *Erie* principles, federal bankruptcy courts apply federal procedural law and state substantive law. *See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007). To determine whether a state law applies in a federal action, "we decide whether the state law conflicts with a valid [federal procedural rule]." *Martin v. Pierce Cnty.*, 34 F.4th 1125, 1128 (9th Cir. 2022). A federal procedural rule is valid if it "is a 'general rule[] of practice and procedure' that does 'not abridge, enlarge or modify any substantive right' and is 'procedural in the ordinary use of the term.'" *Id.* at 1128-29 (citation omitted).

2.      Here, Rule 3001 clearly controls over the Nevada laws. The Nevada laws conflict with this federal rule because the two give different answers to the same question: What must a creditor provide in support of a proof of claim on an open-end credit card account? *See* Rule 3001(c)(3); Nev. Rev. Stat. § 97A.160. Furthermore, Rule 3001 is a valid procedural rule. There is a strong presumption that federal rules

---

[3] The Debtors assert that LVNV waived its *Erie* argument. We disagree. "Once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below." *Yee v. City of Escondido*, 503 U.S. 519, 534 (1992). Furthermore, an appellate court is free to "consider an issue antecedent to and ultimately dispositive of the dispute before it, even an issue the parties fail to identify and brief." *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 447 (1993). On both grounds, we can consider the *Erie* issue.

of procedure have been properly promulgated under the applicable enabling statute and do not impinge on substantive rights. *See Hanna v. Plumer*, 380 U.S. 460, 471 (1965). And Rule 3001, in particular, is a typical procedural rule: it does no more than set out the procedural requirements for a proof of claim, *see* Rule 3001(a)-(e), and specify when a properly executed proof of claim constitutes prima facie evidence of its validity and amount, *see* Rule 3001(f)-(g). Consequently, Rule 3001 prevails over the Nevada laws, meaning that the Nevada laws are not "applicable law" that can render a claim "unenforceable" under 11 U.S.C. § 502(b)(1). Thus LVNV's failure to comply with Nev. Rev. Stat. §§ 97A.160 and 97A.165 is not a ground for disallowing its proof of claim.

3. Under the governing rule—Rule 3001—LVNV has provided the requisite documentation for its proof of claim. The BAP and the bankruptcy court therefore erred by disallowing the claim based on LVNV's failure to comply with the Nevada laws.

**REVERSED and REMANDED.**

5