**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

INTEGON PREFERRED INSURANCE
COMPANY, a foreign corporation,

      Plaintiff-counter-
      defendant-Appellee,

  v.

DANIEL WILCOX; ELIZABETH
WILCOX, Washington residents,

      Defendants-cross-claim-3rd-
      party-plaintiffs-
      Appellants,

  v.

ERIC HOFF, Washington resident,

          Defendant-Appellee,

  v.

SMITH FREED & EBERHARD, P.C., a
foreign professional services corporation;
ROBERT W. WARREN, ATTORNEY AT
LAW, PLLC, a Washington professional

No. 23-35594

D.C. No. 2:21-cv-01501-BJR

MEMORANDUM*

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

limited liability company, DBA Wrixton
Law Office,

       Third-party-defendants-
       Appellees.

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Argued and Submitted September 9, 2024
Seattle, Washington

Before: W. FLETCHER and JOHNSTONE, Circuit Judges, and RAKOFF,[**] District Judge.

Daniel and Elizabeth Wilcox appeal three summary judgment orders: (1) an order granting summary judgment to Smith Freed Eberhard PC ("SFE") on all claims against it; (2) an order granting partial summary judgment to Integon Preferred Insurance Company ("Integon") on its duty-to-defend declaratory judgment claim; and (3) an order granting partial summary judgment to Integon on the Wilcoxes' extra-contractual counterclaims. On the parties' motion, the district court entered final judgment as to these three orders under Federal Rule of Civil Procedure 54(b) ("Rule 54(b)"). The district court had subject matter jurisdiction under 28 U.S.C. § 1332.

---

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

1. Under Rule 54(b) a district court may enter final judgment as to one or more claims or parties if there is no just reason for delay. Fed. R. Civ. P. 54(b). Entry of judgment under Rule 54(b) is improper if the subject claims are so interrelated with pending claims that the early appeal will result in "piecemeal appeals." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). Reviewing de novo the district court's 54(b) orders, *see Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015), we affirm the entry of judgment on the claims in this appeal.

The Wilcoxes' malpractice claim against SFE concerns only SFE's handling of the motion to vacate. The district court order granting summary judgment in favor of SFE dismissed SFE from the lawsuit entirely. Because there are no unresolved claims involving SFE, the district court properly entered final judgment under Rule 54(b) as to the SFE summary judgment order. *See Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) ("The summary judgment disposed of the case between Noel and Weisser, freeing Weisser from further unduly burdensome litigation. Although similar claims remain pending against other defendants, the factual bases of many of the claims differ as to each defendant.") (citation omitted).

The district court's Rule 54(b) orders were also proper as to the orders granting summary judgment to Integon on its claim that it did not breach its duty to

defend Mr. Wilcox and on the Wilcoxes' extra-contractual claims. There are four unresolved claims between the Wilcoxes and Integon, but at oral argument both parties agreed that these claims rise and fall with the claims before us. Oral Argument at 8:58–9:15, 24:34–25:00. Thus, entering a final judgment will not lead to piecemeal appeals.

Because the district court properly entered final judgment under Rule 54(b) as to all claims appealed to us, we have jurisdiction under 28 U.S.C. § 1291. *See Martin v. Pierce*, 34 F.4th 1125, 1128 (9th Cir. 2022).

2. Reviewing de novo the order granting summary judgment to SFE on the Wilcoxes' malpractice claim, *see Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 755 (9th Cir. 2018), we affirm. Under Washington law, to bring a successful malpractice claim, plaintiffs must be able to show that the attorney's breach of a duty proximately caused the clients' damages. *Hizey v. Carpenter*, 830 P.2d 646, 651 (Wash. 1992). The Wilcoxes cannot show that SFE's delay in filing the motion to vacate proximately caused their damages.

The Washington Supreme Court has identified four factors that Washington courts should weigh in considering whether to vacate a default judgment under Washington Superior Court Civil Rule 60 and has clarified that the first two factors "are the major elements to be demonstrated by the moving party[.]" *White v. Holm*, 438 P.2d 581, 584 (Wash. 1968). Those factors are whether (1) there is evidence to

4

support a "defense to the claim asserted by the opposing party" and (2) the "moving party's failure to timely appear in the action . . . was occasioned by mistake, inadvertence, surprise or excusable neglect[.]" *Id.* The state court found, as to the first factor, there was no defense to liability, and as to the second factor, the Wilcoxes' failure to timely appear, answer, or defend against the state court complaint "was not occasioned by mistake, inadvertence, surprise, or excusable neglect." Because the state court did not abuse its discretion in resolving the first and second *White* factors against the Wilcoxes, the district court properly granted summary judgment in favor of SFE.

3. Reviewing de novo, *see Shaw*, 891 F.3d at 755, we reverse the district court's orders granting summary judgment to Integon on its claim that it did not breach its duty to defend Mr. Wilcox and on the Wilcoxes' extra-contractual claims. All of these claims turn on whether Integon breached its duty to defend the Wilcoxes in the lawsuit. Under Washington law, "the insured must affirmatively inform the insurer that its participation [in a lawsuit] is desired[,]" and "breach of the duty to defend cannot occur before tender." *Mut. of Enumclaw Ins. Co. v. USF Ins. Co.*, 191 P.3d 866, 873 (Wash. 2008) (quoting *Griffin v. Allstate Ins. Co.*, 29 P.3d 777, 781–82 (Wash. Ct. App. 2001)).[1]

---

[1] When insurance policies create duties to defend against both pre-suit claims or demands and lawsuits, Washington law does not establish whether tender of a pre-

5

There is no dispute that the Wilcoxes tendered the pre-suit claim to Integon. The only dispute is whether the Wilcoxes were required to separately tender the lawsuit, and if so, whether they did so. The policy states that Integon "must be notified promptly of how, when and where the accident or loss happened" and that failure to comply with this duty "may result in denial of coverage and relieve [Integon] of all duties to investigate, settle, defend, pay any judgment or otherwise honor any *claims* made against an insured." No other language in the policy purports to provide separate notice requirements for *lawsuits*. Because the policy does not explicitly create a separate notice requirement for lawsuits, the policy leaves ambiguous whether separate tender is required. We construe this ambiguity against the insurer. *See Kunin v. Benefit Tr. Life Ins. Co.*, 910 F.2d 534, 539 (9th Cir. 1990). Therefore, we reverse the district court's grant of partial summary judgment to Integon on its duty-to-defend claim, holding that the Wilcoxes' tender of the pre-suit claim was sufficient to trigger Integon's duty to defend against the subsequently filed lawsuit.

---

suit claim is sufficient to tender the subsequently filed lawsuit. The district court held otherwise, relying on *Mutual of Enumclaw Insurance Co. v. USF Insurance Co.*, 191 P.3d 866 (Wash. 2008); *National Surety Corp. v. Immunex Corp.*, 256 P.3d 439 (Wash. Ct. App. 2011); and *Griffin v. Allstate Insurance Co.*, 29 P.3d 777 (Wash. Ct. App. 2001). In these cases, the duty to defend arose when notice of a lawsuit or complaint was tendered. *See Mut. Of Enumclaw*, 191 P.3d at 417; *Nat'l Sur. Corp.*, 256 P.3d at 442; *Griffin*, 29 P.3d at 780. But they did not grapple with the question before us today: whether tender of pre-suit claims is sufficient when an insurance policy provides for defense against pre-suit claims and lawsuits.

**AFFIRMED in part and REVERSED in part.**